**UNITED STATES of America**

v.

**Satiris Galahad FASSOULIS, Defendant.**

United States District Court
S. D. New York.
Dec. 30, 1959.

S. Hazard Gillespie, Jr., U. S. Atty.,
for Southern District of New York, New
York City, Herbert F. Roth, Asst. U.

S. Atty., Astoria, N. Y., of counsel, for United States.

Samuel J. Siegel, New York City, for defendant.

DIMOCK, District Judge.

Defendant moves for a dismissal of the indictment upon the ground that he has not been accorded the right to a speedy trial to which he is entitled under amendment VI of the United States Constitution and on the ground of unnecessary delay of the Government in presenting the charge against defendant to a Grand Jury in violation of subdivision (b) of Rule 48 of the Federal Rules of Criminal Procedure.

Defendant was apprehended on or about December 28, 1955, pursuant to a warrant issued on a complaint filed with the United States Commissioner for the Southern District of New York, which charged a violation of section 1343 of Title 18, U.S.Code. On January 11, 1956, defendant waived examination before the United States Commissioner and was held to await the action of the Grand Jury. A few days thereafter he was released on bail in the sum of $25,-000 and has been continuously at liberty since that time. No indictment was found until the early part of October 1959. He pleaded not guilty on October 16, 1959, and, upon his request, the case was adjourned to November 4, 1959.

■■■ Under the rule of United States v. Lustman, 2 Cir., 258 F.2d 475, certiorari denied 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109, a defendant who has failed to demand a speedy trial is not entitled to a dismissal of the indictment no matter how great the delay. Defendant has never demanded a speedy trial and never complained of the delay until the time when he was indicted in 1959 and made the motion for a dismissal of the indictment. He says, however, that he had no right to demand a speedy trial until he was indicted and that he ought not to be penalized for failure to do something that he had no right to do. As I shall hereinafter elaborate, the answer is that he did have the right to move to dismiss the complaint and, for the purposes of the rule, such a motion where there had been no indictment would take the place of a demand for a speedy trial.

Under Rule 48(b), F.R.Crim.P., "If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint." A motion made by such a defendant for a dismissal of the complaint on the ground that there had been unnecessary delay in presenting the charge to a Grand Jury would be the equivalent of a demand for a speedy trial by a defendant who had already been indicted. Take, for example, the case of a defendant held on complaint for the Grand Jury who, after two years, had moved to dismiss the complaint and had had his motion denied. If after two more years he were indicted and moved to dismiss the indictment because his right to a speedy trial had been denied, certainly no court would deny the motion on the sole ground that he had never demanded a speedy trial.

The motion to dismiss the indictment is denied.

■■■ Defendant also moves for a bill of particulars. In point of fact the motion, with minor exceptions, is really a set of interrogatories with respect to the Government's evidence and must therefore be denied except in those minor respects. The indictment alleges a scheme to defraud and that defendant did unlawfully, wilfully and knowingly transmit and cause to be transmitted in interstate commerce from Akron, Ohio, to New York, New York, certain sounds, to the effect that the Chemical Corn Exchange Bank of New York on delivery to it of 346 $1,000 American Telephone and Telegraph bonds due in 1965, was authorized to pay the Continental Chartering and Shipping Corporation $350,-000.

■ Defendant treats the allegation of the scheme to defraud as though it were an allegation that the scheme was actually carried out and asks for particulars as to the carrying out of the scheme in its requests numbers 1 through 7. These requests must be denied as calling for particulars as to matters not alleged in the indictment.

■ Request number 8, however, asks for particulars as to the scheme. It reads as follows:

"8. State what assets A. Mitchell Liftig, the First National Bank of Akron, Ohio and the Chemical Corn Exchange Bank of New York were to give to Continental Chartering and Shipping Corporation, as set forth in paragraph '2' of the indictment."

The Government must furnish this information, if available.

Request number 9 is a pure interrogatory and does not even purport to deal with any allegations of the indictment.

■ Request number 10 reads as follows:

"10. State how and in what manner the defendant did knowingly cause to be transmitted communications by telephone and telegraph from the First National Bank of Akron, Ohio, to New York, and to whom said telephone and telegraph communications were sent."

This request deals with an allegation of the indictment except insofar as it assumes that the communications were sent by the First National Bank of Akron, Ohio. It will be amended so as to refer merely to communications by telephone and telegraph from Akron, Ohio, to New York. The particulars required by the request in that form must be furnished. These observations apply as well to request number 11.

■ Request number 12 will be amended to read:

"12. State who in Akron, Ohio sent such telephone and telegraph communications and who in New York received the same."

The particulars required by the request in that form must be furnished.

The particulars requested by request number 13 will have been furnished in response to request number 10.

Requests 14 through 21 are the familiar interrogatories in the guise of requests for particulars. None of them asks for the particulars of anything alleged in the indictment.

■ Request number 22 reads:

"22. State whether the government will rely, upon the trial, upon the scheme alleged in the indictment whereby defendant was to defraud A. Mitchell Liftig, or whether the government will rely upon the scheme to defraud the banks mentioned in the indictment, in connection with the telephone and telegraph communications alleged to have been sent for the purpose of executing a scheme to defraud, alleged in the indictment to have been devised by defendant."

The indictment alleges a scheme to defraud A. Mitchell Liftig, the First National Bank of Akron, Ohio, and the Chemical Corn Exchange Bank of New York. It will be observed that request 22 seeks to compel the Government to elect to stand upon its ability to prove either that the scheme was to defraud Liftig or that the scheme was to defraud the bank. I know of no reason why the Government should be required to abandon its allegation that the scheme was to defraud all three. Whether proof of a scheme to defraud only Liftig on the one hand or only the banks on the other would be a fatal departure from the indictment is another question.

So ordered.