**UNITED STATES of America, Plaintiff,**

v.

**Abraham KABOT, Defendant.**

United States District Court
S. D. New York.

June 28, 1960.

S. Hazard Gillespie, Jr., U. S. Atty., S. D. New York, New York City, for plaintiff. Edward R. Cunniffe, Asst. U. S. Atty., New York City, of counsel.

Maurice Edelbaum, New York City, for defendant.

METZNER, District Judge.

This is a motion made by defendant, pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure, 18 U.S. C.A., to dismiss the indictment because of unnecessary delay in presenting the charge to the Grand Jury and upon the further ground that the indictment was obtained in violation of his constitutional right to a speedy and public trial.

The defendant was arrested on November 19, 1958 and arraigned on the same day before a United States Commissioner. At the arraignment where defendant was represented by counsel appearing for him on the present motion, bail was set and the preliminary hearing was adjourned until December 3, 1958. Thereafter the preliminary hearing was adjourned 19 times, the last adjournment date being subsequent to the finding of the indictment by the Grand Jury.

 The general principle of United States v. Lustman, 2 Cir., 1958, 258 F.2d 475, is determinative here. In that case our Court of Appeals reasserted the principle that "the right to a speedy trial is the defendant's personal right and is deemed waived if not promptly asserted." Supra at p. 478. In the present case it is true that during the 16-month period between defendant's arrest and the finding of the indictment there was no possibility to demand a speedy trial.

**160**

In United States v. Fassoulis, D.C.S.D. N.Y.1959, 179 F.Supp. 645, the defendant had waived the preliminary hearing. He waited until an indictment was found before objecting to the length of time that elapsed between the waiver of the hearing and the finding of the indictment. Judge Dimock said that defendant should have moved to dismiss the complaint pursuant to Rule 48(b). It was his view that such a motion would be the equivalent of a demand for a speedy trial by a defendant who had already been indicted.

 In the case at bar the defendant had not "been held to answer to the district court" which seems to be necessary to make Rule 48(b) operative. However, the defendant was not remediless. He could have objected to the adjournments of the preliminary examination, and if such objection was to no avail, he could have moved in the district court for his discharge. See James v. Lawrence, 1949, 84 U.S.App.D.C. 355, 176 F.2d 18; United States v. Worms, Cir.Ct.S.D.N.Y. 1859, Fed.Cas.No.16,765. Defendant cannot convert his initial remedy into the drastic remedy of dismissing the indictment simply by sitting on his rights.

"[T]he right to a speedy trial is not designed as a sword for defendant's escape, but rather as a shield for his protection." The Right to a Speedy Criminal Trial, 57 Col.L. Rev. 846, 853 (1957).

In short, the defendant here must be held to have acquiesced in the delay by not taking prompt affirmative action in his own behalf to preserve his rights. United States v. Fassoulis, supra.

Furthermore, defendant does not even attempt to show that he was prejudiced by the delay. He asserts that such prejudice must be presumed. Commentators have argued persuasively that prejudice is a factual question depending on a case by case approach and the sole compelling reason for dismissal is that the delay has materially affected the ability of the accused to defend himself. See 64 Yale L.J. 1208, 1215 (1955). Here, the defendant resides in the district where the witnesses are. He has been at liberty during the whole 16-month period complained of and at all times has been represented by counsel. During all of this time he has been aware of the charges against him.

Motion to dismiss the indictment is denied.

So ordered.