**UNITED STATES of America,**

v.

**Peter D. PALERMO, Domenic Mauro and Joseph Kaufman, Defendants.**

United States District Court
S. D. New York.

April 12, 1961.

Morton S. Robson, U. S. Atty., for Southern Dist. of New York, New York

City, for United States, Samuel Sheres, Asst. U. S. Atty., New York City, of counsel.

H. Elliot Wales, New York City, for defendants.

MacMAHON, District Judge.

Defendants move pursuant to Rule 48 (b), Federal Rules of Criminal Procedure, 28 U.S.C.A., for an order dismissing the complaint on the ground that there has been an unnecessary delay in presenting the charge to a grand jury.*

On May 6, 1960, a complaint was filed charging the above-named defendants with the sale of approximately 500 grams of heroin, in violation of Title 21, Sections 173 and 174, U.S.C.A. The defendants waived a hearing before the Commissioner and were released on bail.

The government explains that its failure to present the case to a grand jury has been caused by the "mysterious disappearance of a key Government witness." It is unable to anticipate when, if ever, it will be able to locate the missing witness.

A motion to dismiss under Rule 48(b) is addressed to the discretion of the Court, which must weigh not only the rights of the defendants but also those of public justice. United States v. McWilliams, 1947, 82 U.S.App.D.C. 259, 163 F.2d 695; United States v. Research Foundation Inc., D.C.S.D.N.Y.1957, 155 F.Supp. 650.

Rule 48(b) is merely a contemporary enunciation of the Constitutional right to a speedy trial guaranteed by the Sixth Amendment. That right is necessarily relative. The Constitution does not guarantee an immediate trial. Reasonable delays under the circumstances, therefore, are consistent with the Constitutional right and, in this case,

---

* Rule 48(b) provides: "If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."

dictated by the circumstances beyond the control of the government. See Beavers v. Haubert, 1905, 198 U.S. 77, 87, 25 S. Ct. 573, 49 L.Ed. 950.

The charge against the defendants is a serious one and the government has a right and a duty to prepare its case. Defendants do not contend that the delay has been deliberately caused by the government, nor do they challenge its statement that every effort is being made to locate the missing witness. Under these circumstances, it appears that the delay is necessary.

If the defendants were confined, their rights might prevail, but they have failed to demonstrate how they are prejudiced by the delay. They are free on bail, and there is absolutely no showing that delay has in any way impaired their ability to defend themselves. Pollard v. United States, 1957, 352 U.S. 354, 77 S. Ct. 481, 1 L.Ed.2d 393; United States v. Kabot, D.C.S.D.N.Y.1960, 185 F.Supp. 159.

Accordingly, defendants' motion is denied. So ordered.