**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Hazzell GRAHAM, Defendant-**
**Appellant.**

**No. 13049.**

United States Court of Appeals
Seventh Circuit.
April 20, 1961.

Hazzell Graham, pro se, Sigmund J. Beck, Indianapolis, Ind., for appellant.

George E. Rapp, U. S. Atty., John C. Fritschler, Jr., Asst. U. S. Atty., Western Dist. of Wisconsin, Madison, Wis., for appellee.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This appeal by Hazzell Graham presents but a single issue: Did the District Court err in its refusal to discharge appellant from prosecution under a pending indictment because of the government's failure to accord him a speedy trial as guaranteed by the 6th Amendment to the United States Constitution?

On April 28, 1960 the District Court denied appellant's petition for a writ of habeas corpus, filed *pro se,* and which although inaptly captioned and drawn did assert violation of his constitutional right to a speedy trial.[1] At the time appellant was in custody awaiting trial on a two count indictment charging unlawful transportation of forged securities in interstate commerce in violation of 18 U.S.C.A. § 2314. The indictment was returned December 3, 1958, superseding a complaint filed October 17, 1958 charging the same offenses.

The 6th Amendment provides in part that:

> "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, * * *."

But the right to a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 49 L.Ed. 950. And, as we had occasion to point out in United States ex rel. Hanson v. Ragen, 7 Cir., 166 F.2d

---

1. On the same date a motion that the indictment be dismissed and defendant be discharged for want of prosecution predicated upon violation of the defendant's right to a speedy trial was also denied. Appellant included the order denying such motion in his notice of appeal but such order is not an appealable order and to that extent the appeal is hereby dismissed. The appeal from the order denying the petition for writ of habeas corpus presents the same issue.

608, 610, certiorari denied 334 U.S. 849, 68 S.Ct. 1501, 92 L.Ed. 1772:

"Further, if petitioner's own action delays the trial, he is precluded from invoking this right."

■ We have carefully examined the record and conclude that on the facts and circumstances presented appellant's right to a speedy trial under the 6th Amendment was not violated and that the District Court did not err in denying his petition for habeas corpus. Although approximately eighteen months had elapsed from the time the prosecution was initiated the delay, except for intervals not of unreasonable duration under the circumstances, was occasioned by the consideration and disposition of motions filed by appellant and his abortive attempt to appeal from the court's ruling on one of them. It appears to us that during the period prior to November 30, 1959 the appellant was keeping the court occupied with proceedings designed to establish that he should not be tried at all rather than he be brought to trial at once. And even after it became apparent that appellant was raising the question of his right to a speedy trial it was asserted in connection with other contentions and in an effort to secure discharge from prosecution rather than a trial. Subsequent to November 30, 1959 he was asserting that the time thus consumed precluded his being brought to trial at all.

On October 17, 1958, when the complaint was filed against appellant at Madison, Wisconsin, he was then in custody at Butte, Montana, on other federal charges to which, on November 10, 1958, he entered a plea of guilty and was sentenced to serve eighteen months. In correspondence appellant had with the United States District Attorney's office while he was incarcerated at McNeil Island Penitentiary, Washington, he was informed that under Rule 20, Federal Rules of Criminal Procedure, 18 U.S.C.A., he might plead guilty in that jurisdiction otherwise "you will be returned to this district when released from prison and will be entitled to a trial by jury". Appellant was asked to advise as to his intentions and later informed (January 16, 1959) that he was within his rights in refusing to plead under Rule 20 and "you will therefore be returned to Madison for trial upon your release from custody". Although this correspondence did not give recognition to appellant's right to an earlier trial his subsequent actions indicate that it did not mislead him as to such right.[2] He made no demand to be tried but as early as March 20, 1959 filed a motion to quash the indictment and an "order to show cause" asserting various grounds as to why the indictment should be quashed including that "[p]etitioner was denied a fair and Speedy Trial". The government was ordered to show cause on April 21, 1959 and on that date appellant's motion to quash was denied. He requested and received an extension until May 18, 1959 to file a notice of appeal, filed such notice and the record was forwarded to this Court. On September 1, 1959 appellant's motion for leave to appeal *in forma pauperis* was returned to him at this Court's direction for the reasons, *inter alia*, that it was filed too late and that the order from which the appeal was sought to be taken was not an appealable order.

Defendant had been transferred to the Terre Haute Penitentiary and on October 20, 1959 he filed a habeas corpus petition in the District Court asserting that the pending indictment was void on various grounds and that unreasonable and unnecessary delay entitled him to discharge. This petition was considered and on November 11, 1959 was denied.

On November 30, 1959 appellant filed what he styled a "Petition for a Writ of Scire Facias and/or Writ of Habeas Corpus Ad-Subjiciendum, Ad-Testificandum" asserting that his constitutional rights had been violated because he was not

---

2. In addition it is noted that appellant is a college graduate, holds a master's degree and has had two years of civil and criminal law. His various motions, petitions etc. filed in the District Court were filed pro se.

brought before a United States Commissioner on the charges and that probable cause had not been shown that he committed the offenses for which the indictment was returned and also asserting that he had not been accorded a speedy trial.

On January 11, 1960 appellant was released from the Terre Haute Penitentiary, demanded a hearing on his removal to Madison, Wisconsin, which after two sessions was concluded January 21, 1960. He was then removed to the Wisconsin District and confined in the Dane County, Wisconsin, jail. He was arraigned on the indictment on February 26, 1960.

In the Statement of Facts appearing in appellant's original *pro se* brief it is indicated that the District Judge for the Western District of Wisconsin (Madison) was hospitalized for some period preceding April 27, 1960 and that a judge from the Eastern District presided at appellant's arraignment and considered and denied an intervening habeas corpus petition appellant filed February 24, 1960 complaining of treatment in the Dane County jail. On April 28, 1960 the District Judge for the Western District had returned to the bench and on that date denied appellant's pending petition for a writ of habeas corpus, etc.

Prior to December, 1959, except for the relatively short intervals preceding the March motion and subsequent to termination of the attempted appeal, whatever delay occurred was due to appellant's attempts to have the indictment quashed or dismissed. And the issues so raised required disposition prior to a trial. The delay until his release from the penitentiary (six weeks) was not, under the circumstances, unreasonable. Appellant caused a further delay until January 21, 1960 by his demand for a hearing on removal.

When the order appealed from was entered, April 28, 1960, three months had elapsed. We do not condone the District Court's delay in passing on appellant's November 30, 1959 habeas corpus petition—but that is a different question from that of whether the period which

had lapsed from January 21, 1960 constitutes such unreasonable delay, under the circumstances presented, as required appellant's discharge from prosecution. Cf. Stevenson v. United States, D.C., 278 F.2d 278 where a delay of sixteen months was involved.

It is our conclusion that the District Court did not err in denying appellant's petition for habeas corpus, etc., and its judgment order of April 28, 1960 is therefore affirmed.

Appeal dismissed in part; affirmed in part.