**UNITED STATES of America,**

v.

**Henry A. JAMIN, Defendant.**

United States District Court
S. D. New York.

Sept. 5, 1962.

Robert M. Morgenthau, U. S. Atty., by Richard A. Givens, Asst. U. S. Atty., for the United States.

McMahon & Condon, by Daniel McMahon, White Plains, N. Y., for defendant.

LEVET, District Judge.

The alleged offense was committed on March 19, 1961. On March 20, 1961 defendant was brought before a commissioner on a complaint concerning illegal refilling of distilled spirits; defendant waived a preliminary hearing and was released on his own recognizance. The information was filed on June 28, 1962. The defendant pleaded not guilty on July 18, 1962. No motion was made to dismiss until the filing of the information. Now defendant seeks to dismiss under Rule 48(b) of the Federal Rules of Criminal Procedure. This rule is as follows:

"If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."

No case has been called to the court's attention in which an indictment or information has been dismissed because of the lapse of time between the filing of a complaint and the subsequent filing of an indictment or information. The defendant acquiesced in the delay. No specific prejudice has been shown.

The motion must be denied. Hoopengarner v. United States, 6 Cir., 1959, 270

---

F.2d 465; United States v. Palermo, D.C.
S.D.N.Y.1961, 27 F.R.D. 393; United
States v. Fassoulis, D.C.S.D.N.Y.1959,
179 F.Supp. 645, aff'd 2 Cir., 1961, 293
F.2d 243, cert. denied, 1961, 368 U.S.
919, 82 S.Ct. 240, 7 L.Ed.2d 134, United
States v. Lustman, 2 Cir., 1958, 258 F.2d
475, cert. denied, 1958, 358 U.S. 880, 79
S.Ct. 118, 3 L.Ed.2d 109.

So ordered.