**UNITED STATES of America,**
**Plaintiff,**

**v.**

**William Andrew WARD, Defendant.**
**No. CR–64–57.**

United States District Court
W. D. Wisconsin.

April 6, 1965.

Michael J. Wyngaard, Acting U. S. Atty., by Marc Stickgold, Asst. U. S. Atty., Madison, Wis., for plaintiff.

John C. Fritschler, Jr., Madison, Wis., for defendant.

GRUBB, District Judge.

The defendant in this case was arrested on August 18, 1964. Ten days later a one count indictment was returned against the defendant in the Northern District of California charging a violation of 18 U.S.C.A. § 2312 (Dyer Act). On September 23, 1964, the defendant filed, in the Northern District of California, a motion to transfer (under Rule 21(b) F.R.Cr.P.) to the Western District of Wisconsin. On September 25, 1964, this motion was granted.

Judge Rabinovitz, serving under an interim appointment, was not confirmed by the Senate and ceased to be judge on the adjournment of Congress October 3, 1964. There has been no appointment made since said time and, therefore, there has been no judge in the Western District. That vacancy still exists. Outside judges have gone to the Western District on occasions for arraignments, pleas, sentences, naturalizations, and some motions, but have not held any trials, and as far as is known, none are available to hold trials in the Western District of Wisconsin on account of the condition of their own calendars. The President did not nominate a successor and there is no indication as to when he will do so or how long this vacancy will exist. Once a nomination is made, in the normal course of events, it usually takes at least six to eight weeks until it is passed upon by the Senate.

The defendant arrived in the Western District on October 13, 1964. On October 28, 1964, the defendant filed a writ of habeas corpus, in which he requested a speedy trial. At the time of his arraignment, November 19, 1964, the defendant again requested a speedy trial. The Honorable F. Ryan Duffy, United States Circuit Judge, sitting by designation, presided at the time of the arraignment. Eight days after the arraignment the complainant in the case died. At the time this motion was filed, the defendant was in custody at the Wisconsin State Prison pursuant to an order revoking parole, dated July 1, 1964. This motion was submitted to the court on briefs.

The motion to dismiss is based on Rule 48(b) of the Federal Rules of Criminal Procedure:

" * * * if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."

The briefs of the parties discuss the facts and law in the terms of the Sixth Amendment. Rule 48 is merely a contemporary enunciation of the constitutional right to a speedy trial. United States v. Palermo, 27 F.R.D. 393 (S.D.N.Y.1961).

The gist of the motion is that the defendant has been prejudiced by the delay in that the complainant is now dead and the whereabouts of a witness, a companion of the defendant, are not known.

A delay in prosecution, which may be prejudicial, is one that is purposeful or oppressive. Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957).

Delay and its effects will be tested by circumstances. Smith v. United States, 331 F.2d 784 (C.A.D.C. 1964); United States v. Graham, 289 F.2d 352 (7th Cir. 1961).

■ Factors which are to be considered include the length of the delay, the reason for the delay, the prejudice to the defendant, and waiver by the defendant. United States v. Simmons, 338 F. 2d 804 (2d Cir. 1964).

"A decision to dismiss the indictment on a motion such as this, must rest upon sifted evidence and demonstrated facts." United States v. Research Foundation, Inc., 155 F. Supp. 650, 654 (S.D.N.Y.1957).

The question of a waiver of the right to a speedy trial is not raised in this case. The defendant has made the requisite demand for a speedy trial. See United States v. Ettelt, 334 F.2d 813 (7th Cir. 1964).

■■ In evaluating the length of the delay, two considerations are pertinent. (1) The time consumed by the transfer of the case from the Northern District of California to the Western District of Wisconsin should not be considered since it resulted from the defendant's own motion. United States v. Lustman, 258 F.2d 475 (2d Cir. 1958). (2) The deprivation of the right to a speedy trial is not proven by mere reference to periods of time. Reece v. United States, 337 F.2d 852 (5th Cir. 1964).

The reason for the delay is not in dispute. It is the absence of a judge in the Western District.

The alleged prejudice to the defendant is the death of the complainant and the absence of a witness.

The death of the complainant occurred eight days after the defendant was arraigned, three months after the defendant was indicted. Twenty days of that three month period was spent in transferring the case to the Western District. If there was prejudice to the defendant because of this death, it is by no means certain that the prejudice resulted from the delay.

With respect to the "missing" witness, the only information about her appears in the briefs. The extent of that information is that she was a companion of the defendant and is now unavailable. The case of United States v. Research Foundation, Inc., supra, presents a similar but more striking situation. That case was a prosecution for mail fraud. Two individual defendants (White and Roberts) moved to dismiss the indictment because of the delay. The moving papers were accompanied by affidavits reciting that the defendants had lost touch with witnesses or that witnesses had died.

Of the affidavit that recited that witnesses, who would have testified as to one defendant's innocence, had died, the court considered it "vague and conclusory".

Of the affidavit that alleged that there were missing witnesses, the court stated:

" * * * nor does the affidavit indicate, even in the most general terms, the nature of their exculpatory testimony. There is no statement as to when Roberts last saw or spoke to any of these witnesses." (155 F. Supp. page 655)

Of the two affidavits, the court said: "The foregoing assertions by White and Roberts with respect to the dead or missing or unavailable witnesses are not sufficiently detailed and persuasive to warrant this Court's dismissing the indictment. The moving affidavits lack 'the circumstantial detail, the embellishing touches of probability.' " (page 655)

The court denied the motion to dismiss because of the factual inadequacies of the moving papers. The court was unable to ascertain the extent of the alleged prejudice, if there was any, or whether the alleged prejudice was attributable to the delay. The court decided the motion under Rule 48(b), having decided that the defendants waived their right under the Sixth Amendment by failure to promptly assert the right.

With regard to the factual inadequacies, the situation in the present case is the same. Next to nothing is known of the "missing" witness.

■ With respect to the death of the complainant, documents have been submitted by both parties on the issue of

whether the car in question was used with the owner's permission. These are conflicting, and even if proper evidence, are of doubtful force in demonstrating prejudice, especially one that is attributable to the delay.

More and specific information is needed, either through detailed affidavits or an evidentiary hearing.

The present posture of the defendant's motion does not warrant dismissal of the indictment.

For the foregoing reasons, defendant's motion is denied.