UNITED STATES of America,

v.

Bennie CURRY et al., Defendants (two cases).

Nos. 67 Cr 248, 67 Cr 254.

United States District Court
N. D. Illinois, E. D.
Dec. 8, 1967.

**510**

Edward V. Hanrahan, U. S. Atty., John Conlon, Asst. U. S. Atty., for the United States.

Terence F. McCarthy, Chicago, for defendant Curry.

Howard Kaufman, Chicago, Ill., for defendant Hill.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

Defendant Curry's Motions
Defendant Hill's Motions (67 CR 254)

Bennie Curry is named in two indictments. 67 CR 248 is in four counts and charges the sale and concealment of several quantities of heroin, in violation of 26 U.S.C. Sec. 4705(a), and 21 U.S.C. Sec. 174. 67 CR 254 charges Curry and four other defendants[1] with conspiring to transfer a quantity of marijuana to one Frank J. Boyles, in violation of 26 U.S.C. Sec. 4742(a), and 18 U.S.C. Sec. 371. Curry has presented several pretrial motions pertaining to both indictments for our consideration, and William Hill, a defendant in 67 CR 254, seeks to obtain a severance and a bill of particulars.

*Curry's Motion to Dismiss in 67 CR 254*

Alleging that he has been denied due process of law and his Sixth Amendment right to a speedy trial, Curry moves under Rule 48(b) of the Criminal Rules[2] to dismiss 67 CR 254. The alleged offense began on March 14, 1966 and continued to about March 16, 1966. Defendant was apparently arrested on March 16, 1966, and appeared before the Commissioner to answer a complaint on March 17, 1966. At that hearing, he was informed of his right to counsel and executed a signed waiver of that right insofar as it applied to the hearing. He waived a preliminary hearing and was held to the United States District Court.

An indictment was not returned until May 4, 1967, and Curry claims that he was not notified thereof until approximately early October, 1967. He appeared in this Court on October 10, 1967, for arraignment and plea, and was represented by counsel from the Federal Defender Program, Inc.

In denying a similar motion by Eddie McCorkle, Curry's co-defendant in 67 CR 248,[3] we noted that McCorkle had been represented by counsel in the time between his preliminary hearing before the Commissioner and the return of the indictment, but had not demanded a trial or moved to dismiss the complaint, and had failed to demonstrate any actual prejudice to his ability to prepare a defense to the charges.

The Government attempts to equate these facts with the instant ones, by alleging that "as a practical matter" Curry had counsel herein prior to his arraignment. Apparently, on April 12 and 19, 1966, he was represented at two hearings on a complaint dealing with an alleged narcotics transaction occurring on December 16, 1965. Although that alleged transaction is nowhere mentioned in the instant indictment, the Government contends that the complaint "was

---

1. Curry's co-defendants in 67 CR 254 are Bennie Bradley a/k/a "Big Ben," Robert Myrick, a/k/a "Frog," Henry Fowler, and William Hill. In 67 CR 248 Eddie McCorkle is a co-defendant.

2. Rule 48(b) provides:
"If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."

3. See Memorandum Opinion dated September 29, 1967, denying Motion to Dismiss of Eddie McCorkle.

the start of the series of events that led up to the offenses charged in 67 CR 248 and 67 CR 254." Because he was represented in the above proceedings, the Government contends that his interests herein were represented.

That logic stretches credibility too far, and assumes too much. Mr. Hilliard, the counsel who represented Curry in the other matter on April 12 and 19, 1966, has never made an appearance in this cause. Indeed, when defendant appeared here for arraignment, we appointed the public defender to represent him. We cannot conclude that he was represented by counsel in *this* matter between the date of his Commissioner's hearing and his arraignment.

In our opinion in McCorkle's case, we held that where the delay occurred between the time of the preliminary hearing, and the return of the indictment, a defendant must either affirmatively demand a speedy trial or move to dismiss the complaint, before a motion to dismiss on grounds of delay will be considered. United States v. Fassoulis, 179 F.Supp. 645 (S.D.N.Y.1959), affirmed 293 F.2d 243 (2d Cir. 1961); cert. denied 368 U.S. 919, 82 S.Ct. 240, 7 L.Ed.2d 134 (1961); United States v. Jamin, 222 F.Supp. 678 (S.D.N.Y.1962); United States v. Gladding, 265 F.Supp. 850 (S.D. N.Y.1966). It is undisputed that Curry has done neither. Yet he contends that absent assistance of counsel he could not be expected or required to demand a speedy trial or move to dismiss the complaint, and that he should not be deemed to have waived these remedies.

We are not disposed to indicate a position on that issue at this time, for even if it be assumed that the waiver doctrine is applicable, under the discretionary authority conferred by Rule 48

(b), we would still be able to dismiss an indictment where actual prejudice due to delay is shown. United States v. Gladding, supra at 856. Indeed, even if defendant's argument is not deemed to be governed by the waiver doctrine, he must make a strong showing of prejudice before an indictment can be dismissed. Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965); Woody v. United States, 125 U.S.App.D.C. 192, 370 F.2d 214 (1966).[4] See United States v. Feinberg, 383 F.2d 60, 65–67 (2d Cir. 1967).

Curry suggests several examples of specific prejudice which he allegedly has suffered by the instant delay:

"1. The defendant CURRY cannot remember his whereabouts on December (sic) 20, or February 17, 1966.

2. The defendant CURRY cannot remember in any detail the circumstances leading up to his presence in Indiana on March 16, and March 17, of 1966.

3. The following witnesses all essential to establishing defendant's defense are missing and cannot be located by defendant:

a) A man by the name of Jones who was the apparent owner of a restaurant at 79th and Halsted in the City of Chicago.

b) The young lady who lived in an apartment in the vicinity of 69th and Morgan, whose name CURRY no longer remembers.

c) Others, not personally recalled or known to the defendant CURRY, who may have been with him on various dates between November of 1965 through March of 1966.

4. The defendant CURRY generally does not recall events of late 1965 and

---

4. *Ross* and *Woody* addressed themselves to the due process issue. It has been most recently held that the Sixth Amendment does not apply to delay between the offense and the indictment. United States v. Panczko, 367 F.2d 737 (7th Cir. 1966); Nickens v. United States, 116 U.S.App.D.C. 338, 323 F.2d 808, 809 (1963). Cf. United States v. Mackey, 36 F.R.D. 431, 433 (D.D.C.1965), affirmed 122 U.S.App.D.C. 97, 351 F.2d 794 (1965); and Sanchez v. United States, 341 F.2d 225, 228 (9th Cir. 1965). We will not accept defendant's invitation to expand the law in this area, on a record so lacking in a showing of actual prejudice.

early 1966, events related to the facts alleged in the indictments."

■ We do not think he has made a sufficient showing to justify dismissal of the indictment. Curry has not suggested why "Jones" or the "young lady" are material witnesses, or to what they would testify. And he must do more than merely assert in unsworn fashion in his brief that he cannot remember his whereabouts on the relevant dates. United States v. Ward, 240 F.Supp. 659, 661 (W.D.Wis.1965). In *Ross* the defendant *testified* on two occasions that he was unable to recollect certain pertinent events.

Indeed, it appears, as the Government suggests, that *Ross* and its progeny were not merely concerned with passage of time. The reversal for denial of due process in *Ross* was premised on three grounds: delay between offense and arrest, a plausible claim of inability to recall the events of the day of the offense, and a trial in which the case against Ross consisted of the recollection of one witness, a relatively untrained undercover man, refreshed by a notebook. As Chief Judge Bazelon put it in Woody v. United States, 125 U.S.App. D.C. 192, 370 F.2d 214, 216 (1966):

> "Our discussion of prejudice in *Ross* and the subsequent Narcotics Delay cases was framed primarily in terms of the ability of the accused to prepare and present a defense at trial. But the ultimate prejudice that has concerned us in these cases has been the risk of erroneous conviction attributable to the process which led to the verdict of guilt. Delays prior to arrest which hinder or prevent presentation of a defense shackle our system of determining truth through the adversary process. The reliability of the verdict then depends solely upon the quality of the police identification. The more inherently unreliable the method of identification, the more the ultimate prejudice—the risk of erroneous conviction."

See Bey v. United States, 121 U.S.App. D.C. 337, 350 F.2d 467 (1965).

From the representations made by the Government, the instant case apparently will not suffer from the same infirmities in the process leading to a verdict. The Government says that the evidence will show Agent Frank Boyles to have accompanied Curry to Indiana in an undercover capacity for the delivery of marijuana, and that Boyles and other agents arrested Curry at the time of the delivery.

Boyles also allegedly purchased heroin from Curry at another time, which was to result in the return of the indictment in 67 CR 248. In addition, Boyles is allegedly an experienced federal agent with formal police training and considerable practical investigative experience. And perhaps the most significant distinction from *Ross* is that Boyles' testimony will purportedly be corroborated. Thus according to the Government, the process of identification in this case will be considerably more reliable than that used in *Ross*.

■ In our judgment, because of the above factors, defendant is unable to bring his own situation within the factual ambit of *Ross*, and his motion must be denied. If at some later date, Curry is able to adduce a showing of actual prejudice from the delay in the return of this indictment, supported by sufficient affidavits, he may renew this motion and we will give it appropriate consideration.

*Curry's Motion to Dismiss in 67 CR 248*

Curry presents a motion in 67 CR 248 based upon the same legal criteria discussed above. However, the facts differ from 67 CR 254, since in the instant case, the alleged prejudicial delay was between the date of the offense and the return of the indictment, rather than between the appearance before the Commissioner and the return of the indictment. The distinction is allegedly one of notice. The offenses charged in this indictment occurred on January 20 and February 17, 1966. The indictment was not returned until May 2, 1967, and defendant not arrested until sometime in September or October of 1967. He never appeared

before the Commissioner, and first appeared in this court for arraignment and plea on October 10, 1967.

Thus approximately 20 months elapsed from the date of the offenses to the time defendant was notified of the charges against him. While we have previously denied defendant McCorkle's similar motion to dismiss, it is significant that McCorkle was arrested shortly after the offense and brought before the Commissioner to answer to a complaint. Thus the waiver doctrine, discussed supra, which is premised upon the defendant's early awareness of the charges pending against him, has no application in these circumstances. In distinguishing McCorkle's situation from the *Ross* case, and the cases adhering to its rationale, we noted:

> "In each of those cases (Ross, etc) the delay which deprived the respective defendants of their constitutional rights occurred between the time of the offense and the date of arrest. In none of them, therefore, was the defendant even aware of the charges which would subsequently be placed against him. The probability of locating witnesses and recalling specific dates and places under those circumstances, is far less than where the defendant is arrested shortly after the offense and made aware of the charges at an early date."

Nevertheless, we went on to observe that even where the waiver doctrine is inapplicable, there must be a showing of actual prejudice. Our conclusion above that Curry has made an insufficient showing in these circumstances, as compared to *Ross*, applies with equal force to this indictment, and for the same reasons. That part of this opinion, is accordingly incorporated by reference here as well, and Curry's motion in 67 CR 248 is also denied at this time. We are aware that the probabilities of prejudice are greater here than in 67 CR 254,

because of the delay in notifying Curry of the charges, and should Curry later attempt to amplify the prejudicial effects of that delay, we would consider his showing in light of that factor.[5]

*Curry's Motion to Produce Evidence Favorable to Him* (in both 67 CR 248 and 254)

The defendant "reasonably believes that certain exculpatory evidence is in the possession of the Government, and that Rules 16 and 17 * * * which place the scope of pre-trial discovery and inspection within the Court's discretion, would not necessarily ensure production of said evidence." He requests production of such evidence, if any exists, under the rationale of Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed 2d 215 (1963), and Giles v. State of Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967).

The Government says it is aware of its responsibilities and "fully intends to meet those responsibilities *both before and during* any trial in this matter." (emphasis added).

We believe, as Judge Mansfield did in United States v. Cobb, 271 F.Supp. 159, 163 (S.D.N.Y.1967), that there is insufficient reason to enter a continuing order upon the government at this time. Judge Mansfield recognized that certain exculpatory material should be produced prior to trial and that delaying its production to the time of trial may constitute grounds for a mistrial. But he concluded:

> "in view of the practical difficulties, the decision as to whether the Government possesses any such evidence must be left to its good conscience, subject to the sanction that if it delays disclosure until trial, it may risk the granting of a motion for a mistrial."

We are in agreement with his excellent opinion on this point, and defendant's motion is denied.

---

5. The Government suggests that Curry was aware of the charges against him as early as April 12, 1966, when he purportedly related his involvement therein to a Federal Bureau of Narcotics agent. That too is a factor worth considering should Curry renew his motion.

*Curry's Motion for Discovery Pursuant to Rule 16* (in both 67 CR 248 and 254)

The Government answers to item 1 that it does not possess any "written or recorded statement or confession made by the defendant." However, in the Government's brief in Answer to defendant's Motion to Dismiss, it concedes that on April 12, 1966, Curry "orally related his participation in the transactions alleged in 67 CR 248" at the office of the Federal Bureau of Narcotics.

 We have previously made our position clear, that where the summary or substance of a defendant's statement to a Government agent is included in a Government report, it should be provided to defendant, subject to excision of irrelevant or privileged data. See United States v. Reid and Taylor, 43 F.R.D. 520 (N.D.Ill. November 20, 1967), and United States v. Morrison, 43 F.R.D. 516 (N.D.Ill. May 3, 1967). Accordingly, if the Government possesses any reports containing references to or summaries of Curry's oral statement of participation given on April 12, 1966, or any other date, it should submit such reports to the Court for an in camera inspection.

The Government has answered items 2 and 3 sufficiently.

*Curry's Motion for a Bill of Particulars* (in both 67 CR 248 and 254)

 The Government's answers to item 1 are sufficient. Although the addresses of co-defendants are technically discovery requests, and not proper subjects of a bill of particulars, pursuant to our discretionary authority, we direct the Government to supply the last known address of co-defendants Henry Fowler and William Hill. The remainder of item 2 relating to Frank Boyles and Carl Jackson, who are not named in the indictment, is denied.

Items 3 and 4 would not apprise defendant of the nature of the charges against him, and merely seek to learn facts regarding potential Government witnesses or co-defendants. However, the prior records of Hill and Fowler, co-defendants herein, are a matter of public record. It is not difficult for the Government to supply them, and it should do so. (items 5–8). See United States v. Tanner, 279 F.Supp. 457 (N.D.Ill. December 1, 1967). Similar requests in items 5–8 as to Boyles and Jackson are denied.

Items 9–11 are not proper objects of disclosure in a bill of particulars, and are beyond the scope of the subject matter of the indictment. Items 12 and 13 likewise are improper.

*Defendant William Hill's Motions for Severance and for Bill of Particulars* (67 CR 254)

■ Hill is charged in a conspiracy indictment. That his conduct occurred outside the presence of his indicted co-conspirators is not a basis for a severance. No showing of prejudice has been made herein by defendant. Since the same evidence will likely be necessary at the trial of all five defendants, the burden of a separate trial upon the court dictates denial of defendant's motion in the absence of a showing of prejudice. The Government additionally has informed the Court that it will not introduce testimony "as to any post-conspiracy statement by a co-defendant that implicates the defendant William Hill." The motion to sever is denied at this time. The Government has provided certain of the particulars requested. The remainder are evidentiary and are denied.

*Curry's Motion to Strike as Surplusage Certain Phrases From the Indictment*

 The Government interposes no objection to striking the references to Curry's "aliases" in the indictment. It apparently acquiesces in the request, and defendant's motion is granted.