UNITED STATES of America,
Plaintiff,

v.

James R. PETERSON, Defendant.

No. 4–69–Cr. 36.

United States District Court
D. Minnesota,
Fourth Division.

Aug. 14, 1969.

J. Earl Cudd, U. S. Atty., by Joseph T. Walbran, Asst. U. S. Atty., *for plaintiff.*

Douglas W. Thomson, St. Paul, Minn., for defendant.

## MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS

NEVILLE, District Judge.

It is alleged in four counts of an information filed by the United States Attorney, that on or about October 14, 1968 and again on October 16, 1968 the defendant, James ·R. Peterson, was unlawfully in possession of a specific number of tablets of lysergic acid diethylamide (LSD) and on said occasions did unlawfully sell and deliver to a government agent the said LSD tablets. The alleged sale on October 14, 1968 involved 20 tablets and the alleged sale on October 16, 1968 involved 106 such tablets. The *above actions are claimed to be in viola-tion of 21 U.S.C. § 331(q) (2) and (q) (3).*

On or about April 21, 1969 a complaint was filed before a United States Commissioner. The defendant was arrested pursuant thereto and brought before the Commissioner on April 23, 1969.

The defendant moves that the information be dismissed because of prejudice, amounting to a denial of due process in violation of the Fifth Amendment, caused by the delay between the alleged acts and the signing and filing of the complaint. In the alternative, the defendant urges that the court should conduct a pretrial evidentiary hearing to inquire into the possibility of prejudice.

In support of his motion the defendant filed an affidavit in which he stated that because of the delay of six months he was unable, either alone or in consultation with friends and acquaintances, to reconstruct or remember the events of October 1968. In addition the defendant deposed that he has kept no written record of his activities. This inability to recall what he did on the dates in question, caused by the length of time between those dates and the day on which he was made aware that he was being charged with a crime for his alleged activity on those dates, the defendant claims, has prejudiced him to an extent that he is unable to assist counsel and to prepare a defense.

On the record before this court, the court is unable to say that the defendant has been prejudiced in a way or to an extent which requires a dismissal.

Courts generally have been reluctant to dismiss actions based on claims of prejudice to the defendant caused by a delay between the date of the alleged offense and the date on which the proceedings were instituted. Courts disagree on the length of delay needed before even a colorable claim of prejudice can be made by the defendant. There may well be a point where a delay is unreasonable and can be said actually to prejudice the defendant and deny him due process. But this length of time clearly in such a case as at hand is more than six months. United States v. Hammond, 360 F.2d 688 (2nd Cir.1966), stated that a 15 month delay, in the absence of other circumstances did not violate due process. The defendant, to obtain a dismissal for a delay which is shorter than that *imaginary point must make some* showing of prejudice. He must show actual prejudice which is not outweighed by the societal interest present in criminal cases. Two conflicting factors must be weighed by the court: (1) Society's interest in seeing that undercover law enforcement agents remain under cover and effective as long as possible and (2) The accused's rights to a speedy trial and to be afforded all possible opportunities adequately to defend himself.

The question before the court here is whether a mere claim of inability to recall the day in question is enough prejudice to constitute a denial of due process and to require a dismissal. Those cases which have allowed a dismissal on the ground that a delay has prejudiced a defendant's ability to defend himself are clearly distinguishable and have required more than a mere showing that

the defendant cannot remember the events of the day in question.

The leading case allowing a dismissal following a delay in bringing a complaint, Ross v. United States, 121 U.S. App.D.C. 233, 349 F.2d 210 (1965), involved many factors not present in the case before this court on its existing record. In Ross, not only was there a colorable claim by the defendant of inability to remember the day in question, but also the court was concerned by the additional facts that the testimony of the undercover agent was uncorroborated, that he was able to testify only with the help of his notebook, and that he had bought from many different people over that period having made as many as 125 purchases. The court there felt that there should be no conviction where the interests of the defendant had been subordinated, despite the declining effectiveness of the agent over the final months of his undercover work, and there was no reassuring corroborating evidence or testimony.

In the other major case cited by counsel for the defendant, Woody v. United States, 125 U.S.App.D.C. 192, 370 F.2d 214 (1966) there again were additional elements present. The court there was concerned that the method of identification was insufficient to assure accuracy. The undercover agent there identified the defendant a week after the alleged event from "mug" shots he viewed and the court felt this method of identification encouraged a false sense of certainty of proper identification. Also in Woody possible favorable evidence to the defendant was lost during the four month delay for one potentially favorable witness for the defendant died during the interim and another refused to testify because of changed conditions during that period. Also, the undercover agent, as in Ross, had made purchases from many people during that period.

The courts in these cases were worried about the risk of an erroneous conviction. When delays hurt the ability to prepare a defense, reliability for proper disposition depends on the quality of the police identification. There is a danger that over a period of time, especially when numerous purchases have been made, the memory of the undercover agent will be blurred. There are several elements in the Ross and Woody cases which bring the question of the quality of the identification and the clearness of the agent's memory of the events into the case.

In the present case on the record there are several factors which distinguish it from Ross and Woody and dictate against the conclusion arrived at in those cases. The court, at this time, cannot say that the risks present in Ross and Woody are so great here that the information should be dismissed. Counsel for the plaintiff claims that here there was a surveilling officer who witnessed the purchase by the undercover agent; that there was an informer also involved in the present case; and that there was a positive identification made at the time for the agent had met with the defendant on several previous occasions and the defendant was driving his own car with his own license plates. Further the undercover agent at this time was not making the mass purchases that were present in the Ross and Woody cases.

On the record in the present case the only claim of prejudice is that the defendant could not remember the events of the day in question. There have been no claims of any of the additional factors which would be relevant such as a disappearance of a potential material witness, destruction of evidence or a change of circumstances during the six-month delay that might cause prejudice to the defendant.

There have been many cases which have distinguished the Ross case and sustained convictions. If the evidence before this court is credible, these cases are closer in fact to the situation presently confronting the court. In United States v. Sanchez, 361 F.2d 824 (2nd Cir.1966), the court said Ross was distinguishable in that in the case before them there was the reassuring corrobo-

ration in testimony of a surveilling agent. Also the testifying government agent had little need to refer to notes, which tended to show a clearer memory. In Dancy v. United States, 129 U.S. App.D.C. 413, 395 F.2d 636 (1968), the court emphasized that there was more substance in the agent's identification than in *Ross* as the police had seen him before and recognized him that day. In the *Dancy* case the defendant had made no claim of prejudice other than inability to remember the events on the day in question. And again in United States v. Curry, 278 F.Supp. 508 (N.D.Ill.1967), where the court said the case did not have the infirmities of *Ross*, the court stated that the defendant must do more than merely assert that he cannot remember his whereabouts on a particular date.

As to defendant's urging that the court should order a pretrial evidentiary hearing on claims of possible prejudice, the court draws attention to United States v. Napue, 401 F.2d 107 (7th Cir. 1968). In that case, which distinguished *Ross* by the fact that in *Napue* three agents were involved, it was stated that the trial judge did not abuse his discretion by waiting until the trial to appraise the delay and its reasonableness. The court felt that he would be better able to make a judgment in light of the disclosures made at trial. Thus at the trial of the case at bar the court can determine whether there was actual prejudice of a kind to dictate dismissal.

In essence then, the worrisome factors of questionable identification, possible incorrect memory exhibited by the need to refer to notes taken at the time of the alleged offense, lack of corroboration, and loss of evidence caused by the delay presently are not in the record of this case. All that is present is a six-month delay and a claim by the defendant that he cannot remember the events of the day of the alleged offense. The court finds this is insufficient to warrant a dismissal of the information.

A separate order has been entered.