**UNITED STATES of America**

**v.**

**Philip L. BRADFORD and Walter Fink, Defendants.**

United States District Court
S. D. New York.

July 1, 1964.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, Richard A. Givens, Asst. U. S. Atty., of counsel, for the United States of America.

Stanley Kligfeld, New York City, for defendant Fink.

WYATT, District Judge.

This is a motion by defendant Fink to dismiss the indictment against him under the Fifth and Sixth Amendments to the Constitution on the ground that he has been denied a "speedy trial" (Sixth Amendment) and "due process of law" (Fifth Amendment).

The indictment appears to have been returned on January 27, 1964 against two defendants. It contains two counts. The first charges both defendants with transporting stolen securities (18 U.S.C. § 2314) and the second charges both defendants with conspiracy (18 U.S.C. § 371) to violate 18 U.S.C. § 2314. Defendant Fink has pleaded not guilty.

The movant says that the last overt act charged to him was in June, 1960 and that in 1960 he testified before representatives of the Securities and Exchange Commission about the matters referred to in the indictment.

Defendant complains by this motion of the delay between the date of the last overt act charged to him as well as the date of his testimony before the Commission representatives and the date of the return of the indictment. He con-

cedes that the indictment was returned before the applicable statute of limitations had run but he says that "as a matter of law * * * the delay between offense and prosecution has been so oppressive as to constitute a denial of due process".

There is no affidavit of defendant himself and the moving affidavit of counsel does not show any prejudice from any delay, such as a holding of defendant in custody, death of witnesses, disappearance of witnesses, loss of faculties by defendant, loss of documentary evidence and the like. Nor is there any showing of any demand, request, or suggestion of defendant that the authorities proceed against him by information or by presenting the matter to a grand jury.

The movant recognizes that his complaint is solely as to delay in presenting the matter to a grand jury and that the indictment was returned within the period of limitations.

The movant argues that the "speedy trial" provision of the Sixth Amendment protects against delays *before* indictment. Nickens v. United States, 323 F.2d 808 (D.C.Cir. 1963) is cited but the decision is authority to the contrary, and sets out many other decisions holding that delay in returning an indictment is irrelevant to questions of a "speedy trial" under the Sixth Amendment (323 F.2d at 809). The concurring opinion in Nickens disagrees with the majority in this respect, but at least in the case at bar I must respectfully decline to accept Judge Wright's reasoning.

While it is true that no showing of prejudice is required where appeal is made to the "speedy trial" provision of the Sixth Amendment, United States v. Lustman, 258 F.2d 475, 477–478 (2d Cir. 1958), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958), this has reference only to the period after indictment.

The suggestion is made that delay before indictment could be a denial of due process. This is discussed in Nickens in footnote 2 on page 810 and in

Petition of Provoo, 17 F.R.D. 183, 202 (D.Md.1955), affirmed 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761 (1955). There is nothing of a factual nature in the case at bar to show that any delay in presenting the matter to a grand jury was "purposeful" or "oppressive", and a delay within the statutory period of limitations certainly cannot be held to be so as a matter of law.

The motion is accordingly denied.

So ordered.