UNITED STATES of America,
Plaintiff,

v.

Alton Leroy PENN, Defendant.

Crim. No. 30675.

United States District Court
E. D. Louisiana,
New Orleans Division.

May 1, 1967.

Louis B. Merhige, Asst. U. S. Atty., for plaintiff.

James F. Mulla, Jr., New Orleans, La., for defendant (appointed by Court).

RUBIN, District Judge:

### FINDINGS OF FACT

1. On June 16, 1966, the Grand Jury returned a one count indictment charging the defendant with violating the Universal Military Training and Service Act.

2. The defendant appeared for arraignment on June 22, 1966, and informed the court that he desired the assistance of counsel. The court appointed Kermit Frymire to represent him.

3. On June 21, 1966, Mr. Frymire withdrew as counsel of record, and on August 10, 1966, the court appointed present defense counsel to represent the defendant.

4. On August 17, 1966, the court on its own motion ordered the defendant to be psychiatrically examined.

5. On November 2, 1966, the hearing to determine mental competency was continued to November 9, 1966, at which time the court found the defendant mentally competent to stand trial. A trial date was set for December 22, 1966.

6. On November 23, 1966, the court granted a motion by the defendant to reduce the defendant's bond, and he was released after spending more than five months in jail.

7. On December 20, 1966, two days before the trial, a motion was made by the United States Attorney for a continuance because one witness was ill and another witness was out of the state. The defendant did not object to or oppose the motion for a continuance, and it was granted by the court.

8. On January 5, 1967, the Grand Jury returned a three count indictment; count II is identical to the original one count indictment. On January 12, 1967, the United States Attorney dismissed the one count indictment.

9. On February 15, 1967, the case was called for arraignment. The defendant and his attorney were not present, and it did not appear in the record whether or not the defendant's attorney had notice to appear. Therefore, the court continued the arraignment on the new indictment until March 1, 1967.

10. On March 1, 1967, the defendant was arraigned in the presence of his counsel, and he pleaded not guilty. On motion of defendant's counsel, the court gave the defendant fifteen days within which to file pleadings.

11. On March 29, 1967, the defendant filed a motion to dismiss count II of the present indictment on the ground that he has been denied the right to a speedy trial.

## CONCLUSIONS OF LAW

The Sixth Amendment to the Constitution provides in part:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial".

Rule 48 of the Federal Rules of Criminal Procedure provides in part:

"If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."

"The facts and circumstances of each particular case determine the applicability of the Sixth Amendment" and of Rule 48.[1]

Four factors must be considered in determining whether the defendant's right to a speedy trial has been denied: (1) the length of the delay, (2) the reasons for the delay, (3) the prejudice to the defendant, and (4) waiver by the defendant.[2]

(1) *The Length of the Delay.*

The indictment was returned on July 16, 1966. It is settled in this circuit that the right to a speedy trial arises upon the filing of an indictment or information.[3] Nine months have now elapsed since the filing of the first indictment. In Chinn v. United States,[4] the Grand Jury returned an indictment on April 6, 1954 and the trial commenced on February 14, 1955. The court held that the defendant was not denied his right to a speedy trial by the eleven month delay.

(2) *Reasons for the Delay.*

The delay, thus far, has been caused by procedural safeguards—designed to protect the defendant—and by circumstances, such as illness, beyond the control of the government. There is no evidence showing the delay to have been "purposeful or oppressive."[5]

(3) *Prejudice to the Defendant.*

The defendant does not claim that any evidence necessary to his defense has been lost or that any witnesses have dis-

---

1. United States v. Parrott, D.C.D.C.1965, 248 F.Supp. 196, 202.

2. United States ex rel. VonCseh v. Fay, 2d Cir. 1963, 313 F.2d 620; Buatte v. United States, 9th Cir. 1965, 350 F.2d 389; United States v. Parrott, D.C.D.C. 1965, 248 F.Supp. 196.

3. Bruce v. United States, 5th Cir. 1965, 351 F.2d 318; see also Harlow v. United States, 5th Cir. 1962, 301 F.2d 361, cert. den. 371 U.S. 814, 83 S.Ct. 25, 9 L.Ed. 2d 56.

4. 4th Cir. 1955, 228 F.2d 151.

5. Pollard v. United States, 1957, 352 U.S. 354, 361, 77 S.Ct. 481, 486, 1 L.Ed.2d 393, 399.

appeared.[6] He claims prejudice on the ground that he was ready to go to trial on December 22, 1966, facing a possible five year sentence but now faces a possible fifteen year sentence because of the two additional counts. The defendant relies on the concurring opinion of Mr. Justice Brennan in United States v. Ewell.[7]

In *Ewell*, the defendants were indicted on December 14, 1962, for selling narcotics. After pleas of guilty on December 18, and 19, they were sentenced to the minimum terms of imprisonment. The defendants filed motions to vacate their convictions, and these motions were granted. Then both defendants were re-arrested and reindicted. These indictments charged the same sales as the original indictment but contained three counts. Counts II and III were additional counts which had not been included in the original indictment. The indictments were dismissed by the trial court, and the government limited its appeal to count II of the new indictment. The Supreme Court held that "the passage of 19 months between the original arrests and the hearing on the later indictment"[8] did not violate the guarantee of a speedy trial. The Court stated that defendants' "claim of possible prejudice in defending themselves is insubstantial, speculative and premature."[9]

Although Justice Brennan concurred in the result, he disapproved of the "tactics" used because he felt that it tended to "increase the pressure on the appellees to plead guilty."[10]

In the present case the two additional counts were added before trial and before the defendant pleaded. The court is not therefore presented with a situation in which the defendant files a successful motion to vacate sentence and then is again charged wtih the original offense and two additional counts.

(4) *Waiver by the Defendant.*
The "right to a speedy trial is a personal right which may be waived if the accused fails to claim this right timely."[11] The defendant did not object to or oppose the government's motion for a continuance.

In Mackey v. United States,[12] a delay of eleven months between arrest [13] and trial was due to motions for mental examinations and to illness of a witness for the government. The court held that a motion to dismiss for lack of a speedy trial should be denied.

The government has assigned this matter for trial on May 19, 1967, the next date which has been allotted by the court for trial of criminal cases. There has been no unreasonable or unnecessary delay to date, and there will be none if the case is tried on May 19.

For the reasons stated above, the motion is DENIED.

The defendant's memorandum urges that, if count II is dismissed for want of a speedy trial, the dismissal should have the same effect as a judgment of acquittal for double jeopardy purposes. Since the motion is denied, there is no need to consider this argument.

6. United States v. Ewell, 1966, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627.

7. Ibid.

8. Id. U.S. at 120, 86 S.Ct. at 776, 15 L. Ed.2d at 630.

9. Id. U.S. at 122, 86 S.Ct. at 777, 15 L. Ed.2d at 632.

10. Id. U.S. at 126, 86 S.Ct. at 779, 15 L. Ed.2d at 634.

11. Chinn v. United States, 4th Cir. 1955, 228 F.2d 151.

12. 1965, 122 U.S.App.D.C. 97, 351 F.2d 794.

13. The computation of time is between offense and eventual trial in District of Columbia Circuit. See United States v. Parrott, D.C.D.C.1965, 248 F.Supp. 196 and cases cited.