The **UNITED STATES** of America,
Plaintiff,

v.

**MARK II ELECTRONICS OF LOUISI-ANA, INC.**, James M. Scanlan, William Gray, Charles Yuspeh and Robert Maycroft, Defendants.

Cr. No. 29993.

United States District Court
E. D. Louisiana,
New Orleans Division.

March 27, 1968.

Louis C. LaCour, U. S. Atty., Harry F. Connick, Asst. U. S. Atty., for the United States.

Jack C. Benjamin, New Orleans, La., for Mark II Electronics of Louisiana, Inc. and Charles Yuspeh.

William J. Hewitt, Denver, Colo., for James M. Scanlan.

Herbert J. Garon, New Orleans, La., for William Gray.

RUBIN, District Judge:

The defendants in this case were indicted on February 18, 1965, for offenses alleged to have occurred beginning in May, 1962. There were no developments of any kind in the case for many months. Therefore, the Court scheduled a conference to discuss its status on December 20, 1967. The Assistant United States Attorney who attended the conference stated that the case was an active one. Counsel agreed that the trial would require three weeks, and the case was therefore assigned for trial on the earliest open date on the Court's calendar acceptable to all counsel, June 24, 1968.

The defendants filed motions to dismiss the indictments for failure to grant a speedy trial[1] in accordance with the requirements of the Sixth Amendment to the Constitution.[2] In the alternative, they sought dismissal under Rule 48(b)[3] of the Federal Rules of Criminal Procedure for unnecessary delay in bringing them to trial. The motions are based on the failure of the government to prosecute prior to the conference on December 20, 1967. They also moved to quash the indictments on the ground that they had been returned by a grand jury that did not meet the requirements set forth in Rabinowitz v. United States, 5 Cir., 1966, 366 F.2d 34.

The story of the centuries-long effort to secure a guarantee of prompt disposition of the charges against one accused of committing a crime has been told in many decisions.[4] When the barons met

---

1. See generally Note, The Lagging Right to a Speedy Trial, 51 Va.L.Rev. 1587 (1965); Note, The Right to a Speedy Criminal Trial, 57 Colum.L.Rev. 846 (1957); Note, Dismissal of the Indictment as a Remedy for Denial of the Right to Speedy Trial, 64 Yale L.J. 1208 (1955). The motion is based only on the time that elapsed before December 20, 1967; the June trial date was acceptable to (or proposed by) the defendants.

2. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *."

3. "[I]f there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."

4. E. g., Klopfer v. State of North Carolina, 1967, 386 U.S. 213, 223–226, 87 S.Ct. 988, 18 L.Ed.2d 1; United States v. Research Foundation, Inc., S.D.N.Y.,

King John on the plain at Runnymede,[5] this was one of their demands. It became part of Magna Charta: "We will sell to no man, we will not deny or defer to any man either justice or right." [6]

There are obvious reasons why a criminal charge should be promptly tried. If the accused is confined to jail, he should not be deprived of a part of his life awaiting trial. Even if he is not in custody, the accused should be given the chance to prepare his defense before time and failing memory make it hard to gather evidence. "And a prompt trial eliminates at least some of the anxiety, harassment and unfavorable publicity suffered by the innocent as well as the guilty who await the outcome of pending charges." State v. Maldonado, 1962, 92 Ariz. 70, 373 P.2d 583, 585.

Virtually all of the cases decided under the Sixth Amendment hold that the right to a speedy trial is personal to the accused and must be promptly asserted by him to be protected.[7] Courts, not blind to the facts of life, know that defendants are sometimes guided by Ovid's counsel, "Put it off: delay is an advantage." [8] Consequently, when defendants seek delay for tactical reasons,[9] or even when they simply fail to ask for a prompt trial, it has been held that they have not been deprived of their right to a speedy trial under the Sixth Amendment.[10] The prosecution urges that the same requirement of prompt demand should apply under Rule 48(b).

While it sometimes has been said that "Rule 48(b) is merely a contemporary enunciation of the Constitutional right to a speedy trial guaranteed by the Sixth

1957, 155 F.Supp. 650, 653; Petition of Provoo, D.C.Md., 1955, 17 F.R.D. 183, 196–197; State v. Maldonado, 1962, 92 Ariz. 70, 373 P.2d 583, 585. See also Note, The Lagging Right to A Speedy Trial, supra note 1, 1594–1595.

5. See generally Ottenberg, Magna Charta Documents: The Story Behind the Great Charter, 43 A.B.A.J. 495 (1957).

6. Magna Charta, c. 29 [c. 40 of King John's Charter of 1215] (1225), translated and quoted in Coke, The Second Part of the Institutes of the Laws of England 45 (Brooke, 5th ed., 1797). See also Ottenberg, supra note 5, at 572.

7. E. g., Harlow v. United States, 5 Cir., 1962, 301 F.2d 361, 367; United States v. Lustman, 2 Cir., 1958, 258 F.2d 475, 478; United States v. Kaye, 2 Cir., 1958, 251 F.2d 87; Collins v. United States, 9 Cir., 1945, 157 F.2d 409; Bayless v. United States, 8 Cir., 1945, 147 F.2d 169, rev'd on other grounds 150 F.2d 236; Pietch v. United States, 10 Cir., 1940, 110 F.2d 817, 129 A.L.R. 563; Worthington v. United States, 7 Cir., 1924, 1 F.2d 154; United States v. Research Foundation, Inc., S.D.N.Y., 1957, 155 F.Supp. 650; United States v. Stein, S.D.N.Y., 1955, 18 F.R.D. 17; Petition of Provoo, D.C.Md., 1955, 17 F.R.D. 183, 198, aff'd mem. 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761; Annot., 57 A.L.R.2d 302, 326 (1958). Cf. Bruce v. United States, 5 Cir., 1965, 351 F.2d 318, 320.

But see Taylor v. United States, 1956, 99 U.S.App.D.C. 183, 238 F.2d 259; United States v. Chase, N.D.Ill., 1955, 135 F.Supp. 230; cf. United States v. Brown, S.D.N.Y., 1960, 188 F.Supp. 624; United States v. Dillon, S.D.N.Y., 1960, 183 F.Supp. 541.

8. The evidence convinces me that the defendants in this case did not ask for a trial because what they wanted was not a prompt trial, but no trial at all.

9. E. g., Hedgepeth v. United States, 1966, 124 U.S.App.D.C. 291, 364 F.2d 684, 688.

10. It has been said that a defendant who "sits back and does nothing—all in the hope that the Government will eventually drop the prosecution—waives his constitutional right to a speedy trial." United States v. Research Foundation, Inc., S.D.N.Y., 1957, 155 F.Supp. 650, 653–654.

It is not necessary to decide whether the failure to assert the right to a speedy trial is a "waiver" of that right. However, it is worth noting that a defendant who does not choose to assert the right at one time may later afford himself of it; hence there is no waiver in the usual sense. It may therefore be more appropriate to consider that the right is personal to the defendant and that it exists only when he chooses to assert it.

Amendment," [11] the better view, in my opinion, is that Rule 48(b) means more than simply, "Obey the Sixth Amendment." If it required no more than that, there would be no need for it.

The Court of Appeals for the District of Columbia Circuit has said:

"Undeniably, [Rule 48(b)] implements the constitutional guarantee of a speedy trial. See Pollard v. United States, supra, 352 U.S. [354] at 361, n. 7, 77 S.Ct. 481 [1 L.Ed.2d 393]. But it goes further. As the Committee Note indicates, Rule 48(b) 'is a restatement of the inherent power of the court to dismiss a case for want of prosecution.' And that power is not circumscribed by the Sixth Amendment." Mann v. United States, 1962, 113 U.S.App.D.C. 27, 304 F.2d 394, 398 (footnote omitted).

As that same court has recently noted, "[Rule 48(b)] places a stricter requirement of speed on the prosecution, and permits dismissal of an indictment even though there has been no constitutional violation." Mathies v. United States, 1967, 126 U.S.App.D.C. 98, 374 F.2d 312, 314–315.[12]

■ I agree with this broader construction of Rule 48(b). In my view, the purpose of Rule 48(b) is not merely to implement the constitutionally protected right of the accused to a speedy trial; it is designed also to protect other compelling public interests—not necessarily of constitutional proportions—in the prosecution of those accused of crime without the procrastination of which the processes of law are sometimes guilty.

Some of these interests are summarized in a recent report of the American Bar Association Project on Minimum Standards for Criminal Justice:

"From the point of view of the public, a speedy trial is necessary to preserve the means of proving the charge, to maximize the deterrent effect of prosecution and conviction, and to avoid, in some cases, an extended period of pretrial freedom by the defendant during which time he may flee, commit other crimes, or intimidate witnesses." ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial, Tentative Draft, May 1967, pp. 10–11.[13]

The interest of the public in the trial without unnecessary delay of those accused of crime does not turn on whether or not a defendant has failed to assert his right to a prompt trial. The public interest may deny delay even to the defendant who joins the prosecution in dilatory procedure. "[T]he trial of a criminal case should not be unreasonably delayed merely because the defendant does not think that it is in his best interest to seek prompt disposition of the charge." ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial, supra, p. 17.

Moreover, in some instances, "to require a man to beg for a trial on such a charge, with its enormous penalty, requires too much of human nature." United States v. Chase, N.D.Ill., 1955, 135 F.Supp. 230, 233 (indictment for murder). It is frequently true that "it is unrealistic to force a man to demand

11. United States v. Palermo, S.D.N.Y., 1961, 27 F.R.D. 393, 394; United States v. Ward, W.D.Wis., 1965, 240 F.Supp. 659, 660; 6 Orfield, Criminal Procedure Under the Federal Rules § 48.43, p. 363 (1967).

12. For other cases distinguishing between a defendant's rights under the Sixth Amendment and Rule 48(b), see United States v. Miller and Dubas, E.D.Pa., 1966, 259 F.Supp. 294; United States v. Research Foundation, Inc., S.D.N.Y., 1957, 155 F.Supp. 650.

13. That prompt prosecution is essential if the criminal law is to have adequate deterrent effect was recognized by Jeremy Bentham well over a century ago when he wrote:
"[I]t is desirable that punishment should follow offence as closely as possible; for its impression upon the minds of men is weakened by distance, and, besides, distance adds to the uncertainty of punishment, by affording new chances of escape." Bentham, The Theory of Legislation 326 (Ogden ed. 1931).

the very thing which he is trying to avoid." [14]

■ I therefore conclude that failure of the defendants to demand a speedy trial does not preclude dismissal under Rule 48(b)—on non-constitutional grounds—of the indictment returned against them.[15]

It is essential to administration of justice in our democratic society not only that justice be done but that it be achieved in accordance with the procedures prescribed by law. Some nations have believed that guilt could be determined better by an inquisitorial system than by an adversary system, or by vesting the determination of guilt in a magistrate rather than in a jury, or by following other procedures that our society has rejected. Our Constitution and laws embody an adversary system, and they erect safeguards for the integrity of the legal process: justice must be done in a certain way—by due process of law, after a trial by jury, and in accordance with the requisite Constitutional and statutory procedures, including those contained in the Rules of Criminal Procedure.

■ There is superficial appeal in the aphorism that a criminal should not go free just because the Government's lawyer hesitated. But dismissal of an indictment on non-constitutional grounds under Rule 48(b) does not preclude reindictment.[16] Furthermore, in this free society no one is a criminal until he is convicted; and he is not to be convicted save after a trial in compliance with the law.

The Government argues that the defendants have the burden of showing that any delay in prosecution was "among other things, purposeful," citing Reece v. United States, 5 Cir., 1964, 337 F.2d 852; Pollard v. United States, 1957, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393; United States v. Miller and Dubas, E.D.Pa., 1966, 259 F.Supp. 294; Davidson v. United States, 8 Cir., 1963, 312 F.2d 163. However, these cases deal with the Sixth Amendment, not with dismissal on non-constitutional grounds under Rule 48(b). It is true that courts [17] on occasion have referred to a lack of purposeful delay—along with other matters—in refusing to exercise their discretion [18] to dismiss under Rule 48(b). However, the cases do not suggest that it would be an abuse of discretion for a court to dismiss under Rule 48(b) on non-constitutional grounds when lengthy delay, not necessarily purposeful, has been shown.

Nor is it controlling that in United States v. Penn, E.D.La., 1967, 267 F. Supp. 912, the defendant's motion to dismiss for lack of a speedy trial was denied at least in part because he had not asked for a speedy trial. In that case, I did not consider whether dismissal should be granted on non-constitutional grounds. Moreover, the delay there was not unreasonable; there were good reasons for such delay as had occurred; and there was no prejudice to the defendant.

---

14. Note, The Lagging Right to a Speedy Trial, supra note 1, 1610.

15. Cf. United States v. Gladding, S.D. N.Y., 1966, 265 F.Supp. 850, 856, in which the court notes:
  "Though courts have held that, 'a defendant who has failed to demand a speedy trial is not entitled to a dismissal of the indictment no matter how great the delay,' United States v. Fassoulis, 179 F.Supp. 645 (S.D.N.Y. 1959), in determining whether to exercise its discretion [under Rule 48(b)] in the instant situation, this court feels compelled to look beyond the waiver issue."

16. Mann v. United States, 1962, 113 U.S. App.D.C. 27, 304 F.2d 394, 398.

17. United States v. Lawson, D.C.Minn., 1966, 255 F.Supp. 261, 267; cf. Mathies v. United States, 1967, 126 U.S.App.D.C. 98, 374 F.2d 312, 314–315.

18. Foley v. United States, 8 Cir., 1961, 290 F.2d 562, 566; United States v. McWilliams, 1947, 82 U.S.App.D.C. 259, 163 F.2d 695, 696–697; United States v. Research Foundation, Inc., S.D.N.Y., 1957, 155 F.Supp. 650, 656.

Here the testimony convinces me that the defendants have suffered prejudice as a result of the delay. No effort was made by the United States Attorney to prosecute these cases prior to the conference called by the Court thirty-four months after the indictments were returned, and the United States Attorney offered no evidence to explain the failure to do so. The evidence is clear, then, that there has been "unnecessary delay." The Government's contention that it must be presumed to have acted reasonably [19] must fall before this evidence.

Obviously there are cases that require more than thirty-four months to prepare, and there may be situations in which waiting a much longer period would not be unnecessary delay. Rule 48(b) neither ordains fixed time limits nor permits the courts to do so. It vests discretion in the trial court.[20] I therefore exercise this discretion to dismiss the indictments for unnecessary delay in bringing the defendants to trial. This dismissal is without prejudice to the Government's right to seek re-indictment if it chooses to do so.

Because I have concluded that the indictments should be dismissed under Rule 48(b) for unnecessary delay in bringing the defendants to trial, it is not necessary to decide whether the Sixth Amendment shields the defendants from prosecution because they have not been afforded a speedy trial. It is likewise unnecessary to decide whether the indictments should be quashed on the basis of *Rabinowitz*. Here, as in determining the constitutionality of legislation, questions of a constitutional nature should not be decided "unless absolutely necessary to a decision of the case." Burton v. United States, 1905, 196 U.S. 283, 295, 25 S.Ct. 243, 245, 49 L.Ed. 482. See also Ashwander v. Tennessee Valley Authority, 1936, 297 U.S. 288, 346–347, 56 S.Ct. 466, 80 L.Ed. 688 (Brandeis, J., concurring).

19. The Government cites Chin Chuck Ming v. Dulles, 9 Cir., 1955, 225 F.2d 849, 852; United States v. One 1941 Cadillac Sedan, 7 Cir., 1944, 145 F.2d

296, 299; In re Coleman, S.D.Miss., 1962, 208 F.Supp. 199, 201.

20. Note 17 supra.