UNITED STATES of America,
Appellee,

v.

William B. ABERSON, Appellant.

No. 420, Docket 33513.

United States Court of Appeals
Second Circuit.

Argued Dec. 12, 1969.

Decided Jan. 6, 1970.

Daniel H. Greenberg, New York City, for appellant.

John H. Doyle, III, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, Edward M. Shaw, Asst. U. S. Atty., on the brief), for appellee.

Before MOORE and KAUFMAN, Circuit Judges, and RYAN,* District Judge.

MOORE, Circuit Judge:

Aberson filed his 1956 income tax return some time in August, 1957, pursuant to a time extension he had requested. In August of 1963, approximately two weeks before the statute of limitations would have operated to bar prosecution, he was indicted for income tax evasion because of income allegedly unreported in the 1956 return.

The case was put on the trial calendar, was thereafter postponed a number of times on the government's motion and at least once by consent, was then removed from the calendar, and was eventually returned to the calendar on January 5, 1966. In 1963 Aberson had moved for a bill of particulars, which motion was marked off the calendar along with the case in November of that year, and restored in early 1966. Following five more adjournments during 1966, the case was again marked off the calendar at the government's request. It was restored on August 1, 1968, and defense counsel requested a trial during the Fall. The case was scheduled for trial in November, but defendant requested and received an adjournment until mid-December, 1968. Trial began on December 19, 1968, at which time Aberson made his first motion with respect to speedy trial, which was a motion to dismiss pursuant to Rule 48(b), Fed.R.Crim.P. Counsel

* Of the Southern District of New York, sitting by designation.

at that time requested deferral of decision on the motion until he had been given the opportunity to demonstrate prejudice at the trial.

At the conclusion of the trial, the court found that the delay in prosecution worked no prejudice against the defendant in presenting his case. During the trial Aberson had available to him extensive records and minutes made for and during the 1963 grand jury hearing with which to refresh his memory regarding his own version of the transactions in dispute. Judge McLean found from his observation of the witness that Aberson demonstrated no difficulty of recollection, and no loss of records is seriously asserted. The two witnesses whom appellant argues that he lost due to the delay were a Mr. Ciglen and a Mr. Black, two Canadians, both of whom had been convicted of tax evasion in the intervening period. Since Aberson had once testified against Ciglen, and had given the Canadian authorities information presumably helpful in prosecuting both of them, the goverment argues that neither of them would have been much help to him. The evidence indicates that Aberson's relations with Ciglen began deteriorating as early as 1958, some time prior even to his indictment. Moreover, there is nothing to indicate that either Ciglen or Black could have helped Aberson, even if they had been so inclined.

Appellant has directed us to no specific instance in the record from which we might infer prejudice, nor any evidence at all which might cast a shadow of doubt on the accuracy of the Court's conclusion that no prejudice was suffered. Dismissal by the Court for delay in prosecution is discretionary under Rule 48(b), and we find no abuse of discretion in Judge McLean's denial of Aberson's motion to dismiss.

Appellant also urges that his conviction should be reversed because the eleven and one-half year lapse of time between the filing of the fraudulent return and the ultimate prosecution constituted a denial of his sixth amendment right to a speedy trial. However, Aberson never demanded or requested a trial of his case, as we held a defendant must in order to assert a sixth amendment claim in United States v. Lustman, 258 F.2d 475, 478 (2d Cir.), *cert. denied,* 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958). Recognizing the clear authority against him, appellant urges us to reconsider the "demand" rule of *Lustman.* We declined to do so in United States v. Maxwell, 383 F.2d 437 (2d Cir. 1967), stating that the *Lustman* reasoning was persuasive and citing the "lengthening line" of cases to the same effect. Aberson had been fully represented by counsel from the date of the pleadings, and no demand for speedy trial was ever made, possibly because appellant was enlarged on bail throughout and because he hoped the government would eventually abandon the prosecution. Having failed to request a speedy trial, his right to it is deemed to be waived when the prosecution commences. United States v. Lustman, *supra.*

The final contention advanced by appellant Aberson is a fairly general argument that, all things considered the evidence was insufficient to prove the wilfulness of his failure to report certain items which he claims were arguably not reportable in any event. The reportability of each item and the wilfulness of Aberson's failure to report it was a question of fact for resolution by the trial judge, whose findings in all respects we affirm. Having reviewed the supporting evidence in the light most favorable to the government, see United States v. Castellana, 349 F.2d 264 (2d Cir. 1965), we find no error in the District Court's conclusion that Aberson wilfully and knowingly failed to report a substantial amount of income for the purpose of evading taxation, and the conviction is affirmed.