**UNITED STATES of America**

v.

**Alfred DALLAGO, Defendant.**

**No. 67–CR–452.**

United States District Court,
E. D. New York.

March 27, 1970.

See also D.C., 312 F.Supp. 249.

Stephen V. Wilson and Reginald W. Gibson, Tax Division, Dept. of Justice, for United States.

Jerome Londin, New York City, for defendant.

## MEMORANDUM

ZAVATT, District Judge.

The defendant moves to dismiss the indictment under the fifth and sixth amendments and Fed.R. Crim.P. 48(b). The motion is denied.

*Facts*

The indictment charges the defendant in four counts with having filed false and fraudulent tax returns on behalf of himself and his wife for the years 1960 (Count I), 1961 (Count II), 1962 (Count III), and also with having filed or having caused to be filed a false and fraudulent return on behalf of Senate Realty Corporation, of which he was an officer and stockholder for 1962 (Count IV). All four counts charge that the defendant, by filing these fraudulent returns, attempted to evade income taxes owing to the Government in violation of 26 U.S.C. § 7201.

According to the Government's brief in opposition to the motion, the initial contact with the defendant was by a special agent on February 14, 1963, over seven years ago. This fact indicates, as defendant has suggested in his moving papers, that his tax returns must have been under investigation prior to this date. Three years passed during which time the Government, according to its papers in opposition, was processing the special agent's findings. Finally, on March 7, 1966, after the agent's report was reviewed by both the Assistant Regional Commissioner of the Intelligence Division, and the Regional Counsel of the Bureau of Internal Revenue, the Regional Counsel held a conference with the defendant. Later that same year (August 8), the case was transmitted to the Department of Justice and, on November 16, 1966 and January 4 and 5, 1967, further conferences were held between the defendant and the Department of Justice. Apparently, the defendant could not successfully exculpate himself at these conferences to the satisfaction of the Department of Justice and, on February 6, 1967, the case was transmitted to the United States Attorney for the Eastern District of Pennsylvania. After evidence was presented to the grand jury, two indictments were returned—#22785 on February 13, 1967 and #22872 on April 14, 1967.

Before recounting the further peregrinations of these indictments, it is necessary to detail the history of an unrelated case involving this defendant which overlaps, in time, the history of the indictment now at issue. Defendant was indicted by a grand jury of the United States District Court for the District of Columbia for an alleged S.E.C. violation on March 22, 1966, and was arraigned on April 8 of that year. The trial did not commence until March 13, 1967, shortly after indictment #22872 was returned in Pennsylvania. A jury verdict of guilty was returned on May 5, 1967. His conviction was reversed on appeal on November 7, 1969.

Because defendant was on trial in the District of Columbia when the second indictment was returned on April 14, 1967, said indictment was impounded by order of the Pennsylvania District Court, (see Appendix A to the Government's brief in opposition), the same day that it was handed up. That order further directed that a copy of the indictment be delivered to defendant's counsel. Although the motion to seal that indictment was made in the interest of the defendant, by the Government, defendant appears to have consented to the motion and the order presumably to prevent any prejudice that might have ensued in the S.E.C. case then on trial had the indictment become a public record. (See Appendix B annexed to the Government's brief in opposition.) Although the jury verdict was rendered in the S.E.C. case May 5, it was not until November 1, 1967 that the Government moved to open the sealed indictment, and the motion was granted on that date. (See Appendix C of Government's memorandum in opposition). It is important to note for later consideration that defendant's lawyer opposed the unsealing of this indictment, by letter dated September 28, 1967, preferring instead to await the determination of a motion for a new trial in the S.E.C. case. (See Appendix E, Government's memorandum in opposition.)

By motion dated November 28, 1967, the defendant, pursuant to 18 U.S.C. § 3237(b), elected to have the Pennsylva-

nia indictments transferred to this district, in which he resided when the alleged offenses were committed. The order granting the motion was signed that day and both indictments were ordered transferred to this court where they were received on December 1, 1967. The earlier of these two indictments was assigned docket number 67–CR–453; the later one, presently in question, 67–CR–452.

For two years these indictments remained in this court, with neither the prosecution nor the defense taking any formal action thereon, while defendant's appeal from the S.E.C. conviction was pending. On November 7, 1969 the District of Columbia Court of Appeals reversed the S.E.C. conviction. At long last, on November 25, 1969, (and, as a result of this court's request) the defendant was informed by the United States Attorney that his cases would be placed on the calendar of this court for the first time on December 8, 1969. On that date, the defendant's attorney finally filed his notice of appearance although the cases had been pending in this court for over two years. That same day the court gave said attorney two weeks to make any motions he desired. Perhaps spurred on by the two year period of inactivity, defendant suddenly made thirteen motions, all returnable December 19, 1969, relating to the two indictments. After one adjournment, the motions were heard on January 16, 1970. At that time, the Government informed the court that indictment 67–CR–453 was being dismissed, and all motions relating thereto were withdrawn. Argument was heard on the several motions relating to the indictment 67–CR–452, among which was the present motion to dismiss.

### Defendant's Contentions

1. That count I of the indictment is barred by the Statute of Limitations.

2. That the indictment should be dismissed because defendant has been denied his sixth amendment right to a speedy trial.

3. That the court should, in the alternative, exercise its discretion to dismiss under Fed.R.Crim.P. 48(b) for failure to prosecute.

4. That the indictment should be dismissed on either the fifth or sixth amendment grounds due to the preindictment delay.

### The Statute of Limitations Defense to Count I.

■ Defendant argues that count I is time-barred as a result of its being sealed prior to the expiration of the statutory period but opened subsequent to that date. Specifically, the defendant argues that the six-year period would have expired in July, 1967; that, although the indictment was returned in April, 1967, it was not opened until November of that year. There is no dispute that, if the indictment had not been returned until November, count I would be time-barred. The question is whether the sealing of the indictment tolled the statute or caused it to expire. Defendant has cited no cases to support his contention and, in fact, has not briefed the point.

In United States v. Sherwood, 38 F. R.D. 14 (D.Conn.1964), aff'd United States v. Doyle, 348 F.2d 715 (2 Cir.) cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84, the court stated that an indictment, returned and sealed the day before the applicable statute of limitations was to expire and opened after that date, did not ipso facto cause the action to be time-barred. The court in *Sherwood* dismissed the indictment, basing its holding on the long period (over thirteen months) during which the indictment was impounded and also because the contents of the indictment were kept secret throughout that entire period. The court did not dismiss on the statute of limitations ground but, rather, on the sixth amendment denial of the right to a speedy trial.

*Sherwood* is easily distinguishable. In the instant case, the defendant had knowledge of the contents of the indictment since April 1967 and acquiesced in the sealing of same. The court so finds despite the defendant's moving affidavit in which he states that he was uninformed of the contents of said indictment until November, 1967, when it was unsealed. The papers before the court indicate otherwise. A copy of the order of the District Court of Pennsylvania sealing the indictment and directing delivery of a copy thereof to defendant's counsel is set forth as Appendix A of the Government's papers in opposition. Appendix B (an interoffice memorandum of the Department of Justice, dated April 14, 1967) indicates that defense counsel at that time was one Alvin Martin and, also, that Mr. Londin, his present attorney, was a defense counsel and indicates that the United States Attorney was to provide a copy of the indictment to Mr. Martin who was to be requested to inform Mr. Londin when he received the same. Appendix D is a copy of the letter of the United States Attorney for the Eastern District of Pennsylvania, dated April 14, 1967, sent by certified mail to attorney Martin re indictment No. 22872 enclosing a copy of that indictment, with return receipt requested.

However, even assuming that the indictment never reached defendant's counsel, the defendant would not prevail on this argument because he acquiesced in the sealing thereof. Furthermore, by letter of defendant's counsel dated September 28, 1967, he requested the United States Attorney to keep the indictment sealed until after a motion for a new trial was determined in the S.E.C. case. (Appendix E of said memorandum.)

The court holds that count I is not time-barred.

*The defendant's sixth amendment argument that the indictment should be dismissed because he has not received a speedy trial.*

Rule 48(b) provides:

If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint.

The sixth amendment provides in part that:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *.

While Rule 48(b) is a statutory enactment of the sixth amendment right to a speedy trial, the rule contemplates more: "It is a restatement of the inherent power of the court to dismiss a case for want of prosecution, and that power of the court is not circumscribed by the sixth amendment." 3 Wright, Federal Practice and Procedure, § 814 at 309, 310. Keeping this sound but rarely perceived distinction in mind, Wright, *supra* at 310, the court first turns to the merits of the defendant's constitutional claim.

As is so often the case, the facts and circumstances of each individual case are controlling. Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); United States v. Simmons, 338 F.2d 804, 806 (2d Cir. 1964), cert. denied, 380 U.S. 983, 85 S. Ct. 1352, 14 L.Ed.2d 276. For postindictment purposes, the court finds the relevant period of delay to be approximately two years. This computation discounts the period during which the indictment was sealed, because the court finds that the defendant acquiesced in that part of the delay. Thus, although the sixth amendment right to a speedy trial theoretically begins when the prosecution is instituted, Benson v. United States, 402 F.2d 576 (9th Cir. 1968); Foley v. United States, 290 F.2d 562 (8th Cir. 1961); rehearing denied (1961), cert. denied, 368 U.S. 888, 82 S. Ct. 139, 7 L.Ed.2d 88 (1961); United States v. McCarthy, 292 F.Supp. 937

(S.D.N.Y.1968) ; United States v. Bradford, 231 F.Supp. 187 (S.D.N.Y.1964), the period of delay under consideration in this case begins when the indictment was received in this district (approximately December 1, 1967). The question presented is whether this two year delay constitutes a denial of the sixth amendment right.

The Supreme Court has stated generally that the right to a speedy trial exists "* * * to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern * * * and to limit the possibilities that long delay will impair the ability of an accused to defend himself." United States v. Ewell, 383 U.S. 116 at 120, 86 S.Ct. 773 at 776, 15 L.Ed.2d 627 at 630 (1966). However, since "[t]he right of a speedy trial is necessarily relative," 86 S.Ct. at 776, it is only that delay which is "purposeful or oppressive" which the sixth amendment forbids. *Pollard, supra.* The "purposeful or oppressive" test has been modified in the Second Circuit by decisional law. A long line of cases, most recently United States ex rel. Solomon v. Mancusi, 412 F.2d 88 (decided May 5, 1969) holds that four factors are to be considered:

 (1) length of the delay,

 (2) reason for the delay,

 (3) prejudice to the defendant,

 (4) waiver by the defendant.

*Mancusi, supra* at 90. It is under the second category that the *Pollard-Ewell* test of "purposeful or oppressive" falls. The court, in *Mancusi, supra* clarified the apparent confusion in this Circuit as to whether prejudice need be shown, answering in the affirmative. *Mancusi, supra* at 90–91. It also noted that "a mere lapse of time is not enough to establish denial of a speedy trial," at 91, citing Fleming v. United States, 378 F.2d 502, 504 (1st Cir. 1967), and also noted "that dismissal has rarely been granted for a delay of less than several years," *Mancusi, supra* at 90. However, the court finds it unnecessary to proceed with an in depth analysis of the first three factors because the fourth, waiver, is dispositive of the issue.

As early as 1958, this Circuit has been committed to the rule announced in United States v. Lustman, 258 F.2d 475 (2d Cir. 1958), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed. 2d 109 (1958), that regardless of the length or unreasonableness of the delay, if the defendant does not assert that right affirmatively, in court, it is waived. United States v. Aberson, 419 F.2d 820 (decided January 6, 1970); United States v. Aadal, 407 F.2d 381 (2d Cir. 1969), cert. denied, 395 U.S. 967, 89 S.Ct. 2114, 23 L.Ed.2d 754 (1969); United States v. Maxwell, 383 F.2d 437 (2d Cir. 1967), cert. denied, Aiken v. United States, 389 U.S. 1043, 88 S.Ct. 786, 19 L.Ed.2d 835; United States v. Sanchez, 361 F.2d 824 (2d Cir. 1966); United States v. Wai Lau, 329 F.2d 310 (2d Cir. 1964), cert. denied, 379 U.S. 856, 85 S. Ct. 108, 13 L.Ed.2d 59; United States v. Kaufman, 311 F.2d 695 (2d Cir. 1963); United States v. Monarch Radio & Television Corp., 162 F.Supp. 910 (S.D.N.Y. 1958); United States v. Research Foundation, Inc., 155 F.Supp. 650 (S.D.N.Y. 1957). Assertion of the right means, at a minimum, a motion in open court and a private request to the prosecutor will not suffice. *Lustman, supra.*

*Aberson, supra,* is of particular importance because of the factual similarity between it and the instant case, and also because it again reaffirms the *Lustman* rule—a question not considered in *Mancusi,* but highlighted by the decision in United States v. Richardson, 291 F. Supp. 441 (S.D.N.Y.1968), in which the district court dismissed an indictment although no demand for a speedy trial had been made by the defendant. *Aberson* was indicted for tax evasion shortly before the statute of limitations ran. Over five years passed before the case came to trial. The Second Circuit upheld the district court's refusal to dismiss the indictment citing as reasons the fact that defendant had not demanded a speedy trial; that he had been fully represented by counsel from the outset;

that he was out on bail the entire period of the delay; that he hoped that the prosecution would abandon its efforts during the period of the delay. *Aberson, supra*, 419 F.2d at 821.

While the Second Circuit arguably left open an exception to the *Lustman* rule, in cases such as *Richardson*, in which a defendant is not represented by counsel, the rule in this Circuit still remains that a defendant, represented by counsel, who does not demand a speedy trial is deemed to waive his constitutional right to it. *Aberson, supra*.

The defendant in this case, out on bail from the outset and fully represented by counsel at all times, having failed to assert his sixth amendment right in open court has waived his right to assert it now on a motion to dismiss.

*Defendant's claim under Rule 48(b) that the court should exercise its discretion and dismiss the indictment for failure to prosecute.*

The court has indicated, *supra*, that Rule 48(b) is more than just a statutory enactment of the sixth amendment right to a speedy trial in that it also encompasses the inherent power of the court to dismiss for failure to prosecute. While a sound distinction is thus suggested between a constitutional right, on the one hand, and a non-constitutionally based power of the court on the other, the courts have tended to equate 48(b) and the sixth amendment. Wright, *supra* at 310. However, as one perceptive court has noted, in commenting on Rule 48(b), in relation to the sixth amendment, "If it required no more than that, there would be no need for it." In other words, 48(b) would be superfluous if it comprised no more than the sixth amendment right. United States v. Mark II Electronics of Louisiana, Inc., 283 F.Supp. 280 at 283 (E.D. La.1968), *cf.* United States v. Gladding, 265 F.Supp. 850, 856 (S.D.N.Y.1968).

This Circuit has yet to pronounce exact guidelines for the district courts in determining discretionary motions under 48(b), as it has for the sixth amendment right, other than to announce the appellate rule that decisions of the lower courts will be overturned only if there is an abuse of discretion. *Aberson, supra*. Certainly the length of the delay and the reasons (not purposeful or oppressive) for the delay are relevant factors, as they are under the constitutional standards. Of the four part constitutional tests, prejudice and waiver are left. It would seem evident that prejudice is also to be considered because the delays that are circumscribed are only those that are unreasonable, and if a defendant has not suffered prejudice by a delay, then it arguably is not unreasonable. See United States v. Dooling, 406 F.2d 192 (2d Cir. 1969), cert. denied, Persico v. United States, 395 U.S. 911, 89 S.Ct. 1744, 23 L.Ed.2d 224. Assuming then, that length of delay, reason and prejudice are relevant to a non-constitutional motion under 48(b), the court faces the dilemma that if it were to also hold the aforementioned *Lustman* demand rule applicable, the two standards (sixth amendment, and non-constitutional) one of which is arguably lesser, would be governed by precisely the same tests. See *Mark II Electronics, supra*, 283 F.Supp. 283, 284; *Gladding, supra*. The court does not reach this seeming paradox because it finds that the defendant has failed to make a showing on the three other factors sufficient to warrant an exercise of its discretion to dismiss.

The length of the delay, as previously determined, is two years. Perhaps the Government was waiting for the appeal in the unrelated S.E.C. case to be determined before it brought this case to trial. However, this it not an adequate justification for the delay. Just as the defendant cannot consent to the impounding of an indictment beyond the statutory period, and then assert a statute of limitations defense, the Government cannot move to open a sealed indictment and then do nothing while the appeal in an unrelated case is pending. It is also possible that the Government failed to take any action on the

case due to inadvertence. This, too, is an unjustifiable reason for the delay. However, notwithstanding the unexcused delay and without deciding that a two year delay is a sufficient period to warrant dismissal, the court finds that the defendant has failed to make a sufficient showing of prejudice that would justify dismissal under 48(b). In this respect,

> A decision to dismiss the indictment on a motion such as this, must rest on *sifted evidence and demonstrated facts.* 155 F.Supp. at 654 (emphasis added).

Taking into consideration the difficulty of proving prejudice prior to trial, the court finds that this defendant has failed completely to meet this test. Of the nine potential witnesses defendant names who have died, only three died *after* the indictment was unsealed. If the motion is directed to postindictment delay, it is the three who died, and not the nine, who are relevant in determining prejudice. Notwithstanding the mere *number* of witnesses, the defendant has not indicated what potential testimony has been lost, *cf. Research Foundation, Ewell, supra,* and at best has only stated that the testimony of these witnesses "may" be relevant. This is not a showing of "sifted evidence or demonstrated facts."

Nothing more need be said regarding the defendant's recitation of the several businesses that are no longer extant and the records of same (see moving papers ¶¶ 14, 15, 16), other than to note that the Government has stipulated (pp. 7, 8 of its brief) to make the records of any of these businesses, which are in its possession, available to the defendant for inspection and copying. Therefore, the defendant can claim no resultant prejudice from the fact that these companies are out of business.

The court holds that defendant has not made a sufficient showing of prejudice to warrant dismissal of the indictment and the court refuses to exercise its discretion to this end.

*Defendant's argument of a fifth or sixth amendment constitutional violation due to the preindictment delay.*

The old orthodoxy made claims such as these simple. If the indictment was returned within the statutory period the defendant could not make a constitutional argument based on preindictment delay. See, *e. g.,* United States v. Tane, 29 F.R.D. 131, 132 (E.D.N.Y.1962), aff'd, 329 F.2d 848 (2d Cir. 1964). However, perhaps due to the decision in United States v. Provoo, 17 F.R.D. 183 (D.Md.1955), affd, 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761 (1955), and spurred on in part by dictum in the *Ewell* case, *supra,* Wright, *supra* at 321, the courts have begun to realize that, in certain situations, the statute of limitations test may be inadequate and that, in appropriate cases, the delay in indicting a defendant may so prejudice his chances to adequately defend himself as to amount to a constitutional denial. This concept is so new that courts have yet to determine whether it is based on the fifth or sixth amendment, Wright, *supra* at 323, and whether it relates solely to the period between arrest and indictment (as most cases seem to indicate) or whether other situations would be covered. Nevertheless, starting with the lead of the District of Columbia Circuit in cases such as Nickens v. United States, 116 U.S. App.D.C. 338, 323 F.2d 808 (1963), rehearing denied, (1963), cert. denied, 379 U.S. 905, 85 S.Ct. 198, 13 L.Ed.2d 178; concurring opinion of Judge Wright at 812 et seq.; Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965); Woody v. United States, 125 U.S.App.D. C. 192, 370 F.2d 214 (1966), other courts have begun to recognize that a defendant may be prejudiced by a preindictment delay, see, *e.g.,* United States v. Lee, 413 F.2d 910 (7th Cir. 1969), rehearing denied, (1969); United States v. Jones, 403 F.2d 498 (7th Cir. 1968), cert. denied, 394 U.S. 947, 89 S.Ct. 1280, 22 L.Ed.2d 480; United States v. Hauff, 395 F.2d 555 (7th Cir. 1968), rehearing denied, (1968), cert. denied, 393 U.S.

843, 89 S.Ct. 124, 21 L.Ed.2d 113; United States v. Deloney, 389 F.2d 324 (7th Cir. 1968), cert. denied, 391 U.S. 904, 88 S.Ct. 1652, 20 L.Ed.2d 417; Benson v. United States, *supra*; United States v. Coppola, 296 F.Supp. 903 (D.Conn. 1969); United States v. Haulman, 288 F.Supp. 775 (E.D.Mich.1968) (indictment dismissed); United States v. Curry, 278 F.Supp. 508 (N.D.Ill.1967), and the Second Circuit is among them, United States v. Capaldo, 402 F.2d 821 (2 Cir. 1968), cert. denied 394 U.S. 989, 89 S.Ct. 1476, 22 L.Ed.2d 764; United States v. Feinberg, 383 F.2d 60 (2 Cir. 1967); Chapman v. United States, 376 F.2d 705 (2 Cir. 1967); United States v. Sanchez, *supra*; United States v. Rivera, 346 F.2d 942 (2 Cir. 1965); United States v. Kaminsky, 275 F.Supp. 365 (S.D.N.Y.1967). United States v. Bradford, *supra*.

 The rule in this Circuit appears to be that, while the statute of limitations is the primary guarantee against preindictment prejudice, if the defendant can show actual prejudice or an oppressive design on the part of the Government to gain an advantage (even though indicted before the statute of limitations has run), then a fifth or sixth amendment violation is established warranting the dismissal of the indictment. *Feinberg, supra.*

 Assuming, without holding that the right is applicable in situations other than pre-arrest delay, the court finds that defendant has failed to meet his burden of showing that the delay was due to an oppressive design on the part of the Government and has also failed to show actual prejudice. The court bases its holding on the following factors:

(1) The defendant was apprised of the possibility that criminal or civil action might be taken against him as early as February 1963, when a special agent first contacted him, and certainly knew of the matter during 1966 and early 1967 when he attended conferences at which he attempted to exculpate himself. This knowledge on the part of the defendant distinguishes his case from the pre-arrest cases (*e.g., Feinberg, supra,* and the District of Columbia Circuit narcotics cases), in which the Government knows that the defendant has committed a crime; has enough evidence for indictment but fails to arrest him until some later date, with the result that the defendant has a lesser chance of successfully defending himself.

(2) In a complicated case such as this, where much time is needed for investigation, it cannot be said that the Government treated the defendant oppressively. Many cases have recognized that the need to investigate thoroughly is an acceptable reason for delay. See, *e.g., Feinberg, Capaldo, Foley, supra.* Especially when the investigation is accompanied by notice thereof to the defendant, it cannot be said that the interval of time between the commencement of the investigation and the date of the indictment is unreasonable or oppressive.

(3) It is also relevant that the defendant herein obviously intended or at least hoped that he could eventually convince the Government to abandon its prosecution of the case. *Aberson, supra.* Toward this end, defendant attended at least four conferences with Government representatives and also supplied various records in attempting to persuade the Government not to prosecute. One who extends the period of investigation by such efforts should not be able to assert a constitutional delay on the part of the Government in indicting him when such efforts prove unsuccessful. In short, the defendant cannot now claim to be prejudiced by his own strategy. See *Aberson, Wai Lau, Research Foundation, supra.* Parenthetically, the court notes that one of the indictments originally brought against this defendant was subsequently dismissed.

(4) Finally, the court reiterates that the defendant has failed to show demonstrable prejudice and, even assuming that the death of all nine witnesses would be applicable in the preindictment context, defendant has yet to explain the

relevance of the potential testimony of any one of them.

The court denies, on the specific facts of this case, the defendant's motion to dismiss because of a fifth or sixth amendment violation stemming from the preindictment delay.

Having rejected all of the defendant's contentions, the motion is therefore denied in all respects.[1]

This is an order.

---

1. Simultaneously with this motion, the defendant moved for a bill of particulars. That motion has been granted in part in a separate memorandum-order, filed March 17, 1970. At the same time, the defendant moved to dismiss the indictment on the ground of certain irregularities in the presentation of this case to a grand jury of the Eastern District of Pennsylvania. That motion remains sub judice. An opinion will follow at the earliest date possible.